ALFORD, Judge.
The defendant, Richard Donald Pres-tridge, appeals the trial court’s judgment in favor of the plaintiff, Federal Deposit Insurance Corporation (FDIC) whereby the court granted the summary judgment as prayed for, finding against Prestridge for the principal amount of $2,400,000.00 due on the promissory note plus interest, attorney’s fees and court costs. The judgment also recognized and maintained the pledge of the Ne Varietur Note and the Collateral Mortgage held by the FDIC on Prestridge’s property.
BACKGROUND
The facts are shown by the pleadings, answers to interrogatories, affidavits and other instruments considered in support of and in opposition to the motion for summa: ry judgment. In order to finance the purchase of property located in or near Hammond, Louisiana, for speculative purposes, in December of 1984, Prestridge executed a $2,400,000.00 promissory hand note payable to Metropolitan Bank and Trust Company (MB), as well as a $3,000,000.00 Collateral Mortgage Note (Ne Varietur Note) and a Collateral Mortgage on the purchased property, which he pledged as security. Prestridge also signed the necessary papers to complete the act of sale on the property, and MB delivered a cashier’s check in the amount of $2,400,000.00 to the attorney handling the closing. The 1984 hand note was renewed in is entirety on December 26, 1985, payable on demand to MB.
When Prestridge failed to make any payments, either on the principal or interest, MB, on July 23, 1986, filed a petition seeking a money judgment on the note, recognition of its mortgage on the property and seizure and sale of the property, with ap *744 praisal. Prestridge answered, alleging that two persons whom he believed to be agents of MB solicited him to purchase the property and to finance the purchase through MB, advised him that an appraisal indicated the value of the property to be far in excess of the loan amount and represented to him that he would have no personal liability on any loan since the property would stand good for the loan. None of the representations are alleged to appear in writing in the documents executed by Pres-tridge or in the bank’s files.
Thereafter, MB filed a motion for summary judgment. However, prior to the hearing set on the motion, MB was ordered closed and the FDIC was confirmed as its receiver, with title to all its assets. Upon the FDIC’s motion, the court recognized the FDIC as the interested party. On hearing, the court granted the FDIC’s motion for summary judgment on February 18, 1987, assigning as written reasons the statutory application of 12 U.S.C. § 1823(e).
Prestridge filed a motion for a new trial arguing that there was a conflict among the federal courts as to whether the defense of fraud in the inducement was barred by statutory application, and that the U.S. Supreme Court had granted certio-rari in a Louisiana case in order to address the issue. The court granted his motion for a new trial.
On December 1, 1987, the U.S. Supreme Court, in Langley v. Federal Deposit Insurance Corporation, 484 U.S. 86, 108 S.Ct. 396, 98 L.Ed.2d 340, held that makers could not assert oral misrepresentations as fraud in the inducement against the FDIC to prevent the statutory application of 12 U.S.C. § 1823(e). Thereafter, the FDIC moved for summary judgment in the instant case and the trial court granted judgment in the FDIC’s favor on February 12, 1988, and against Prestridge. Prestridge filed a motion for a new trial which was denied.
Prestridge then prefected this devolutive appeal, contending that the trial court erred in granting the FDIC’s motion because the statute does not bar the defense of fraud in the factum, which is a genuine issue of fact precluding summary judgment. The FDIC did not appeal or answer the appeal.
After a thorough review of the record, we agree with the FDIC and the trial court, and affirm.
DISCUSSION
The Federal Deposit Insurance Act of 1950, § 2(13)(e), 65 Stat. 889, as amended, 12 U.S.C. § 1823(e), provides:
No agreement which tends to diminish or defeat the right, title or interest of the Corporation [FDIC] in any asset acquired by it under this section, either as security for a loan or by purchase, shall be valid against the Corporation unless such agreement (1) shall be in writing, (2) shall have been executed by the bank and the person or persons claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the bank, (3) shall have been approved by the board of directors of the bank or its loan committee, which approval shall be reflected in the minutes of said board or committee, and (4) shall have been, continuously, from the time of its execution, an official record of the bank.
In Langley, the petitioners claimed that the promissory notes had been procured by oral misrepresentations by the bank that the land purchase included more acreage than it actually did and that there were no outstanding mineral leases on the property when there actually were. These alleged misrepresentations amounted to warranties regarding the land. In Footnote 1, 108 S.Ct. at 400, the Court noted that the Lang-leys alleged certain other misrepresentations, one of which was “that the Langleys would have no personal liability on the notes” but that “[t]he Langleys conceded that 12 U.S.C. § 1823(e) bars these other misrepresentations from being asserted as defenses to FDIC’s suit on the note because they were promissory in nature.”
The Court then determined that the word “agreement” in § 1823(e) encompasses not only an express promise to perform an act in the future but also unwritten warranties *745 and conditions. The court noted that a narrow interpretation of the term “agreement” would prevent federal and state banking authorities from making reliable evaluations of a bank’s assets and would thwart the statute’s intent to ensure “mature consideration of unusual loan transactions by senior bank officials” and to avoid “fraudulent insertion of new terms, with the collusion of bank employees, when a bank appears headed for failure.” 108 S.Ct. at 401.
The Court further stated that “neither fraud in the inducement nor knowledge by the FDIC is relevant to the section’s [1823(e)] application,” and noted that the Langleys alleged misrepresentations would constitute fraud in the inducement. 108 S.Ct. at 402. While the court indicated that the defense of fraud in the factum, “fraud that procures a party’s signature to an instrument without knowledge of its true nature or contents,” would take the instrument out of § 1823(e), it noted that the Langleys could not successfully contend that the alleged misrepresentations about which they complained constituted fraud in the factum. 108 S.Ct. at 402.
A review of the complaints in the instant case leads us to conclude that Prestridge’s complaints of misrepresentation, like those in Langley, constitute allegations of fraud in the inducement and not fraud in factum. In fact, the Langleys admitted, and the Supreme Court agreed, that a representation of no personal liability fell squarely within the defenses barred by § 1823(e). Prestridge contends in his pleadings, affidavit and brief on appeal that he was induced to purchase the property and obtain the loan by persons he thought were agents of MB, that he was assured that the value of the property exceeded that of the loan, that he was assured that the property would stand good for the loan, and that he was told he would have no personal liability, all of which constitute warranty, condition or promissory representations. At no point does he ever contend that he was unaware (1) he was purchasing the property, (2) he was signing a promissory hand note for $2,400,000.00 or (3) he was executing a collateral mortgage note or collateral mortgage. His sole assertion is that he thought the loan documents he was signing were in rem, without any personal liability.
Furthermore, Prestridge states that when he “was presented with the closing papers for the first time,” he “attempted to read the documents, but was unable to understand what was involved” and relied upon the person who solicited him to purchase the property and obtain the loan to review the documents “to make sure everything was correct.” In order to constitute fraud in the factum under Louisiana law, there must be “such misrepresentation as has induced the party to sign the instrument with neither knowledge nor reasonable opportunity to obtain knowledge of its character or its essential terms.” (Emphasis added.) La.R.S. 10:3-305(2)(c). It is apparent from Prestridge’s own statements that he was afforded the opportunity to review the documents and determine their consent and that it was his decision to rely on the advice of the alleged agent of MB rather than to seek outside assistance in interpreting them. Thus, Prestridge had the requisite reasonable opportunity to obtain knowledge of the true contents and nature of the instruments he was signing.
Since Prestridge’s complaints of misrepresentation constitute allegations of fraud in the inducement, his defenses are barred by the application of § 1823(e). Therefore, there is no genuine issue of material fact and the FDIC is entitled to summary judgment as a matter of law. La.C.C.P. art. 966.
CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court in its entirety. All costs of this appeal are to be borne by the appellant.
AFFIRMED.