ROLAND L. BELSOME, Judge.
11 This appeal is taken from the- granting of summary judgment in favpr of the defendant Peter Ascani, Jr. and the denial of Marietta Eileen Ascani’s (Eileen) partial motion for summary judgment. For the reasons that follow we affirm the district court’s'ruling.

Facts

Peter and Eileen Ascani were married from November 22, 1966 until April 20, 2011. During their marriage, community proceeds, of, $4,000.00 were used to purchase immovable property located in Clark County, Nevada (hereinafter Tully Property) from Peter’s grandmother. Many years later, Peter received an offer from The Platinum Corporation to purchase the Tully Property for $605,000.00. Prior to executing the sale of the Tully Property, Peter requested that Eileen transfer her interest in the property making it his separate property. Eileen signed the “Grant, Bargain, Sale Deed” for the Tully Property on-March 30, 2004, and the sale was executed by Peter on April 21, 2004.
After selling the Tully Property, Peter purchased another Nevada property (hereinafter Lamb Property). On the same date that he purchased the Lamb Property, June 16, 2004, Peter had Eileen sign a “Grant, Bargain, and Sale Deed” ^transferring her interest in the ■ Lamb Property to him establishing it as separate property.

Procedural History

On June 28, 2011, Eileen filed a Petition to Rescind Deeds. The causes of action stated for the rescission were fraud-in the factum and no consideration. Peter filed numerous exceptions to the petition. In *310 October of 2011, testimony was taken in relation to those exceptions and the trial court issued a judgment granting the decli-natory exception of lack of subject matter jurisdiction. Eileen sought writs to this Court, which were granted and that ruling was reversed. On remand, Peter re-urged his exceptions of prescription' and exception of no cause of action.
The trial court held an evidentiary hearing that included witness testimony regarding the exceptions and ultimately denied the exceptions. Subsequent to the denial of the exceptions, Eileen filed a partial motion for summary judgment seeking to have the trial court consider the pleadings, exhibits, affidavits, and transcripts of testimony and rescind and annul the deeds, and award her proceeds accordingly. In response, Peter filed a cross-motion for summary judgment requesting that the deeds be deemed valid.
The trial court conducted a contradictory hearing on Eileen’s partial motion for summary judgment and Peter’s cross-motion for summary judgment. After taking the matter under advisement, the trial court rendered judgment in favor of Peter granting his cross-motion for summary judgment and against Eileen denying her partial motion for summary judgment. This appeal followed.
Assignments of Error
On appeal, Eileen maintains that the trial court erred by not rescinding the two deeds because the transaction was a sale without proper consideration, and ^alternatively, if the deeds were valid, Eileen’s consent was vitiated by fraud in the factum.

Standard of Review

It is well established that that the granting of a summary judgment is reviewed de novo, with the appellate court using the same criteria that govern the trial court’s determination of whether summary judgment is appropriate. Accordingly this Court must determine whether there is any genuine issue of material fact to be resolved, or whether, the movant is entitled to judgment as a matter of law. Reynolds v. Bordelon, 14-2371, p. 2 (La.6/30/2015), 172 So.3d 607, 610.

Discussion

In Eileen’s first argument, she contends that the 2004 deeds are an absolute nullity because the transfer was actually a sale in which there was no consideration or insufficient consideration.- Eileen characterizes the transaction as a contract of sale that is subject to the requirements of La. C.C. art. 2464, which provides in part that “there is no sale unless the parties intended that a-price be paid” and “the price must not be out of all proportion with the value of the thing sold.” The trial court however, found that the deeds were contracts as established by La. C.C. art.1906. We agree.
Article 1906 defines a contract is “an agreement by two or more people whereby obligations are created, modified, or extinguished.”-. As the trial court noted, an obligation is a legal relationship where an obligor is bound to render a performance in favor of an obligee. La. C.C. art. 1756. “That performance may consist of giving, doing, or not doing something.” Id. Furthermore, a contract is 14valid where there is capacity, lawful object, cause, and consent. Capacity and lawful object are not in dispute in this case.
Turning our attention to cause, Peter contends, and the trial court found, that the.cause for Eileen transferring her interest in the Nevada properties was the purchase of another property located on Emerald Street in New Orleans. The Emerald Street home was being sold by her brother and it is undisputed that Ei *311 leen wanted to purchase the home but Peter did not. In Eileen’s testimony, she stated that the promise to purchase Emerald Street was the reason she signed the deeds. Also, her petition specifically states that the promise to purchase the Emerald Street property induced her to sign the deeds. In further support of that fact, the Ascanis’ daughter also testified that she was privy to the agreement made by her parents and confirmed that after numerous discussions over ah extended period of time her mother agreed to sign the deeds because Peter promised to purchase Emerald Street. Thereafter, Peter and Eileen purchased the Emerald Street property. The record clearly establishes valid cause for the execution of the deeds.
Next, Eileen challenges the validity of the deeds for lack of consent due to fraud in the factum. Fraud in the factum refers to fraud which occurs only when a misrepresentation goes to the essential character of the document, such as when a party is tricked into signing an instrument without knowledge of its true nature or contents. The Cadle Co. v. Johnson, 97-0946, p. 6 (La.App. 1 Cir. 5/15/1998), 714 So.2d 183, 187. The two conditions that must be met to establish fraud in the factum are: 1) the executor must not have had knowledge of the true nature of the instrument; and 2) the executor must not have been afforded a reasonable opportunity to obtain knowledge of the true nature of the instrument. See Metropolitan Bank & Trust Co. v. Prestridge, 551 So.2d 743 (La.App. 1 Cir. 1989). Eileen alleges that Peter informed her she was signing a power of attorney and that he prevented her from reading the documents. The evidence offered did not substantiate either of those allegations.
During Eileen’s testimony she was asked specifically “Mr. Ascani did not ever tell you that you were signing a power of attorney, did he?’.’ Eileen’s response was, “I honestly don’t remember if he said that.” Again, the Ascanis’ daughter’s testimony proved that Peter and Eileen had open discussions about her “signing off’ or relinquishing her interest in the Nevada properties. No one suggested that “signing off’ referred to signing a power of attorney. The testimony does not support the allegation that Eileen was deceived into thinking the deeds were powers of attorney. Furthermore, the Tully Property “Grant, Bargain, Sale Deed,” which was notarized, had the following language in bold capital letters just above the signature line:
IT IS THE EXPRESS INTENT OF THE GRANTOR, BEING THE SPOUSE FOR THE GRANTEE, TO CONVEY ALL RIGHT, TITLE AND INTEREST OF THE GRANTOR COMMUNITY OR OTHERWISE, IN AND TO THE HEREIN DESCRIBED PROPERTY TO THE GRANTEE AS HIS/HER SEPARATE PROPERTY.[1]
In addition to alleging misrepresentation, Eileen contends that Peter prohibited her from reading the documents. Yet, her testimony contradicts that allegation. She was unable to state how Peter prevented her from reading the documents. In fact, .her testimony established that it was customary for her to not read the papers she would sign during real estate transactions. The deeds presented |fito Eileen for her signature expressly stated the nature of the writings and the statements regarding the intent of the deeds immediate proceeds the signature lines. Based on the record, *312 if Eileen did not read the deeds it was by choice not because Peter prevented her from doing so. In this case, there is no proof to support the allegations of fraud in the factum.
For the reasons discussed, we find that the trial court correctly found that there were no grounds on which to rescind the 2004 deeds. Therefore, the trial court’s ruling is affirmed.
AFFIRMED

. The other deed also' expressly stated that Marietta E. Ascani was conveying to Peter A. Ascani, Jr„ a married man as his sole and separate property the Lamb Property.