# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE                                    NEWS RELEASE #032

FROM: CLERK OF SUPREME COURT OF LOUISIANA


The Opinions handed down on the **30th day of June, 2015**, are as follows:


**BY CLARK, J.**:

2014-C -2371      RICHARD L. REYNOLDS v. ROBERT J. BORDELON III, ROBERT J. BORDELON
                  JR., USAGENCIES CASUALTY INSURANCE COMPANY, AUTOMOBILE CLUB
                  INTER-INSURANCE EXCHANGE, AND/OR AUTO CLUB FAMILY INSURANCE
                  COMPANY D/B/A TRIPLE A INSURANCE, NISSAN NORTH AMERICA, INFINITY
                  DIVISION OF NISSAN NORTH AMERICA, INC., A LUXURY CAR DIVISION OF
                  NISSAN MOTORS, INSURANCE AUTO AUCTIONS CORP., ABC INSURANCE
                  COMPANY, DEF INSURANCE COMPANY AND XYZ INSURANCE COMPANY  C/W
                  STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY AS SUBROGEE OF/AND
                  LINDA DUPUY v. ROBERT BORDELON AND USAGENCIES CASUALTY
                  INSURANCE COMPANY (Parish of St. Tammany)

                  For the reasons expressed herein, we find no error in the grant
                  of summary judgment in favor of Nissan and we affirm the judgment
                  of the court of appeal.
                  AFFIRMED.

                  HUGHES, J., dissents with reasons.

SUPREME COURT OF LOUISIANA

NO. 2014-C-2371

RICHARD L. REYNOLDS

VERSUS

ROBERT J. BORDELON III, ROBERT J. BORDELON JR., USAGENCIES CASUALTY INSURANCE COMPANY, AUTOMOBILE CLUB INTER-INSURANCE EXCHANGE, AND/OR AUTO CLUB FAMILY INSURANCE COMPANY D/B/A TRIPLE A INSURANCE, NISSAN NORTH AMERICA, INFINITY DIVISION OF NISSAN NORTH AMERICA, INC., A LUXURY CAR DIVISION OF NISSAN MOTORS, INSURANCE AUTO AUCTIONS CORP., ABC INSURANCE COMPANY, DEF INSURANCE COMPANY AND XYZ INSURANCE COMPANY

CONSOLIDATED WITH

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY AS SUBROGEE OF/AND LINDA DUPUY

VERSUS

ROBERT BORDELON AND USAGENCIES CASUALTY INSURANCE COMPANY

ON WRIT OF CERTIORARI TO THE COURT OF APPEAL, FIRST CIRCUIT, PARISH OF ST. TAMMANY

**CLARK, J.**

The instant case presents a claim under the Louisiana Products Liability Act ("LPLA").  We granted its companion case to determine the viability of negligent spoliation of evidence as a cause of action in Louisiana.[1]  We now address the underlying products liability case and review the appropriateness of the lower court's grant of summary judgment. For the reasons expressed below, we affirm.

**FACTS AND PROCEDURAL HISTORY**

On March 15, 2008, a multi-vehicle accident occurred in St. Tammany

---

[1] See *Reynolds v. Bordelon*, 14-2362, (La. ) _So.3d_, which was issued contemporaneously with this opinion.

Parish. Robert J. Bordelon, III is alleged to have caused the accident when he swerved two separate times from the left lane of traffic to the right lane, colliding with two vehicles. The second collision involved the instant plaintiff, Richard Reynolds, who was driving a 2003 Infiniti G35S, which was manufactured by Nissan North America ("Nissan"). After the initial impact, the plaintiff was pushed into another vehicle and came to rest in a ditch. The accident caused the plaintiff to sustain serious injuries.

On March 12, 2009, the plaintiff filed suit against Bordelon and other defendants. With regard to Nissan, the plaintiff asserted claims under the LPLA for the failure of the air bags to deploy and/or operate. Specifically, he alleged the Infiniti was defective (1) due to a construction or composition defect; (2) due to a design defect; (3) for failure to contain an adequate warning; and (4) for failure to conform to an express warranty.

On July 8, 2013, Nissan filed a motion for summary judgment. In opposition, the plaintiff filed the affidavit of Dr. Richard Baratta. Ultimately, the trial court made several evidentiary rulings and concluded that there was an absence of factual support for any of the product liability theories, and it granted summary judgment in favor of Nissan. The court of appeal affirmed the judgment, finding no error in the evidentiary rulings and that there were no genuine issues of material fact upon which to survive summary judgment.[2] We granted the plaintiff's writ application to review the grant of summary judgment.[3]

## APPLICABLE LAW

A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a

---

[2] *Reynolds v. Bordelon*, 14-121 (La. App. 1 Cir. 9/19/14), 2014 WL 4667570.

[3] *Reynolds v. Bordelon*, 12-2362 (La. 2/27/15), 159 So.3d 1061.

litigant.[4] A summary judgment is reviewed on appeal *de novo,* with the appellate court using the same criteria that govern the trial court's determination of whether summary judgment is appropriate; *i.e.* whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law.[5]

A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law."[6] The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.[7]

> This court explained the summary judgment procedure as follows:

> [The summary judgment procedure] first places the burden of producing evidence at the hearing on the motion for summary judgment on the mover (normally the defendant), who can ordinarily meet that burden by submitting affidavits *or by pointing out the lack of factual support for an essential element in the opponent's case*. At that point, the party who bears the burden of persuasion at trial (usually the plaintiff) must come forth with evidence (affidavits or discovery responses) which demonstrates he or she will be able to

---

[4]  *Duncan v. U.S.A.A. Ins. Co.,* 2006-363 p. 3 (La.11/29/06), 950 So.2d 544, 546; La. C.C.P. art. 966.

[5]  *Wright v. Louisiana Power & Light,* 2006-1181 p. 17 (La.3/9/07), 951 So.2d 1058, 1070; *King v. Parish National Bank,* 2004-0337 p. 7 (La.10/19/04), 885 So.2d 540, 545; *Jones v. Estate of Santiago,* 2003-1424 p. 5 (La.4/14/04), 870 So.2d 1002, 1006.

[6]  La. Code Civ. P. art. 966(B).

[7]  La. Code Civ. P. art. 966(C)(2).

meet the burden at trial.... Once the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. (Emphasis added; citation omitted).[8]

## DISCUSSION

### *Evidentiary Rulings*

The plaintiff avers that the trial court improperly excluded evidence in its consideration of the motion for summary judgment. We will address each category of evidence that the lower courts ruled inadmissible.

First, the plaintiff attempted to admit post-accident photographs of the vehicle. However, the photographs were not verified or authenticated in any way. The plaintiff did not introduce an affidavit or testimony by any person familiar with the photographs, the photographer or otherwise, in order to lay the foundation that the photographs were actually depictions of the plaintiff's vehicle or that the depictions were accurate.[9] Accordingly, we agree that the lack of verification deems the photographs inadmissible at the summary judgment hearing.

Next, the plaintiff argues the airbag service bulletin printed from the National Highway Traffic Safety Administration (NHTSA) should have been admissible. However, no corroborating testimony or affidavit was presented to establish the printout's authenticity. As noted by the court of appeal, the front page of the printout states that public documents were unavailable at the time the printout was produced; thus, the plaintiff cannot avail himself of any self-authenticating public document exception to survive this hurdle of admissibility.[10] Accordingly, we find no error in the evidentiary ruling that excluded the NHTSA service bulletin.

---

[8] *Samaha v. Rau*, 2007-1726 (La. 2/26/08), 977 So. 2d 880, 882-83.

[9] La.Code Evid. Art. 901 (A) and (B)(1).

[10] La.Code Evid. Art. 902.

Further, the plaintiff sought to admit other incident investigation reports created by Nissan, presumably in an effort to illustrate that Nissan knew of an ongoing problem of its vehicles' airbags failing to deploy and failed to warn consumers. However, as articulated by the court of appeal, the plaintiff failed to establish the reports' relevancy to this proceeding. The reports do not reference the plaintiff's accident, nor do they demonstrate any similarities to the plaintiff's specific vehicle or the instant circumstances surrounding the alleged failure of the airbags to deploy. Rather, the investigation reports pertain to varying makes and models of vehicles in varying years in varying locales. Thus, we find the reports are not relevant evidence as they do not have a tendency to make the existence of a material fact more probable or less probable than such a determination would be without the evidence.[11]

The plaintiff also attempted to introduce pre-accident invoices for service performed on his vehicle by the car dealership that sold him his vehicle, Ray Brandt Infiniti. While the documents purportedly are records made and kept in the course of regularly conducted business activity for purposes of the business records hearsay exception, the plaintiff introduced no affidavit of the custodian or any other witness to corroborate their nature.[12] Accordingly, the invoices were properly excluded.

Additionally, the plaintiff, in opposing the motion for summary judgment, sought to introduce the affidavit and the curriculum vitae of his expert in accident reconstruction, Dr. Richard V. Baratta, Ph.D, P.E. The trial court admitted into the evidence the affidavit, in which Dr. Baratta opines the "airbags should have deployed to assist in mitigating [the plaintiff's] injuries." However, the trial court

---

[11] La.Code Evid. Art. 401.

[12] La.Code Evid. Art. 803(6).

5

found his curriculum vitae inadmissible because it was unsworn and uncertified.[13] Our own review of the curriculum vitae supports the finding that it is not a sworn or certified copy and is, thus, inadmissible. Additionally, the materials reviewed by Dr. Baratta, were unsworn and uncertified and bore the added defect of not being referenced in the curriculum vitae. Accordingly, they were properly ruled inadmissible as well.

Last, we find evidentiary problems with emailed materials sent by Dr. Barrata to the plaintiff's attorney. Allegedly, the materials were used to support the conclusions drawn in Dr. Barrata's affidavit; however, they, too, are not authenticated, irrelevant, and constitute hearsay. Accordingly, the trial court properly excluded these emails.

### *Review of the Merits*

Having established what evidence is and is not before us, we turn now to the motion for summary judgment. Nissan, as the movant, must satisfy his burden by "submitting affidavits *or* pointing out the lack of factual support for an essential element in the opponent's case."[14] The plaintiff, as the party who bears the burden of proof at trial, must then "come forth with evidence which demonstrates he will be able to meet the burden at trial."

The plaintiff's case arises under the LPLA, which provides the exclusive theories under which a plaintiff can pursue a claim against a manufacturer for an alleged product defect.[15] La.R. 9:2800.54 sets forth the elements of a products liability claim:

> A. The manufacturer of a product shall be liable to a claimant for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product by the

---

[13] See La. Code Civ. P. Art. 967(A).

[14] La.Code Civ. P. art. 966.

[15] La. R.S. 9:2800.52.

claimant or another person or entity.

B. A product is unreasonably dangerous if and only if:

(1) The product is unreasonably dangerous in construction or composition as provided in R.S. 9:2800.55;

(2) The product is unreasonably dangerous in design as provided in R.S. 9:2800.56;

(3) The product is unreasonably dangerous because an adequate warning about the product has not been provided as provided in R.S. 9:2800.57; or

(4) The product is unreasonably dangerous because it does not conform to an express warranty of the manufacturer about the product as provided in R.S. 9:2800.58.

C. The characteristic of the product that renders it unreasonably dangerous under R.S. 9:2800.55 must exist at the time the product left the control of its manufacturer. The characteristic of the product that renders it unreasonably dangerous under R.S. 9:2800.56 or 9:2800.57 must exist at the time the product left the control of its manufacturer or result from a reasonably anticipated alteration or modification of the product.

D. The claimant has the burden of proving the elements of Subsections A, B and C of this Section.

Moving to the plaintiff's first alleged theory, a product is unreasonably dangerous in construction or composition if, at the time the product left its manufacturer's control, the product deviated in a material way from the manufacturer's specifications or performance standards for the product or from otherwise identical products manufactured by the same manufacturer.[16] To prove this theory, the plaintiff must show (1) what Nissan's specifications or performance standards were for the vehicle/airbags and (2) how the plaintiff's vehicle/airbags materially deviated from these standards so as to render it unreasonably dangerous.[17] In an effort to meet this burden of proof, the plaintiff

---

[16] La. R.s. 9:2800.55.

[17] *Id.*

introduced the owner's manual for his vehicle. Relative to the supplemental restraint system/air bags, the manual provides:

> These [air bag] systems are designed to meet voluntary guidelines to help reduce the risk of injury to out-of-position occupants . . . The supplemental side air bags and curtain side-impact air bags are designed to inflate in higher severity side collisions on the side of the vehicle impacted, although they may inflate if the forces in another type of collision are similar to those of a higher severity side impact. They are designed to inflate on the side where the vehicle is impacted. They may not inflate in certain side collisions. Vehicle damage [or lack of it] is not always an indication of proper supplemental side air bag and curtain side-impact air bag operation.

To the extent the plaintiff is arguing the owner's manual qualifies as Nissans' performance standards, we note that, by its own acknowledgement, the air bags "may not inflate" in certain side collisions. This caveat necessarily precludes a finding that there existed a stated expectation of a specified performance.

Moreover, the manual's language that the air bags "are designed to inflate in higher severity side collisions on the side of the vehicle impacted" begs the question of whether the plaintiff's collision is a collision that falls within the expectations that would trigger inflation of the air bags. We find the plaintiff offered nothing to answer this inquiry in the affirmative so as to satisfy his burden of proof on a construction or composition defect. Dr. Baratta's affidavit makes a conclusory statement, unaided by factual support, that the air bag should have deployed. This conclusion is insufficient on two grounds. First, the curriculum vitae that sought to establish Dr. Barratta's expertise, was ruled inadmissible. Thus, we find nothing to confirm his expertise as an airbag expert or even an accident re-constructionist. Second, Dr. Barratta's conclusory statements are not supported by any factual evidence and contain no explanation as to how he reached his conclusion. The list of reviewed materials, which perhaps could have established this factual requisite, also suffered the fate of inadmissibility. Accordingly, we find the plaintiff presented no evidence sufficient to establish he

8

would satisfy his evidentiary burden of proving a composition or construction defect.

The next theory under the LPLA advanced by the plaintiff is a design defect.[18]  A product is unreasonably dangerous in design if, at the time the product left its manufacturer's control:

> (1) There existed an alternative design for the product that was capable of preventing the claimant's damage; and
>
> (2) The likelihood that the product's design would cause the claimant's damage and the gravity of that damage outweighed the burden on the manufacturer of adopting such alternative design and the adverse effect, if any, of such alternative design on the utility of the product.[19]

Accordingly, the plaintiff was first required to show an alternative design for the supplemental restraint system existed at the time it left Nissan's control.  The plaintiff proposed no other design for the product, and, indeed, admitted that he did not develop an alternative design.  Without proving this required element, it is unnecessary to address the remaining elements of this theory insofar as the LPLA requires *all* elements to be proven.[20]

The plaintiff next alleged his vehicle and/or air bag system was unreasonably dangerous due to an inadequate warning.  La.R.S. 9:2800.57(A) provides:

> A product is unreasonably dangerous because an adequate warning about the product has not been provided if, at the time the product left its manufacturer's control, the product possessed a characteristic that may cause damage and the manufacturer failed to use reasonable care to provide an adequate warning of such characteristic and its danger to users and handlers of the product.

"Adequate warning" is defined as "a warning or instruction that would lead an ordinary reasonable user or handler of a product to contemplate the danger in using or handling the product and either to decline to use or handle the product or, if

---

[18]  Our review of the record reveals a possible concession by the plaintiff at the hearing on the motion for summary judgment that he was abandoning this particular product liability theory; however, in the interest of judicial efficiency, we address this theory nonetheless.

[19]  La. R.S. 9:2800.56.

[20]  La. R.S. 9:2800.54(D).

possible, to use or handle the product in such a manner as to avoid the damage for which the claim is made."[21] The plaintiff did not specify what warning was inadequate, did not provide a proposed adequate warning, and did not provide any evidence to support this claim. The plaintiff stated in a discovery response that Nissan failed to provide an adequate warning that there existed a defect with the air bag system. However, this conclusory statement again fails for presuming a defect has been proven when no evidence was presented to show the nature or existence of that defect.[22]

Inasmuch as the owner's manual contained a warning about the side air bag "ordinarily not inflat[ing] in the event of a frontal impact, rear impact, rollover or lower severity side collision," we note the initial impact, as described in the police investigation report, was a rear collision, followed by a frontal collision. Thus, we find the warning contained in the owner's manual adequately explained that the side air bags typically do not deploy in frontal or rear collisions, precluding a finding of a genuine issue of material fact on this ground.

For each of the above theories, we also note, pursuant to La.R.S. 9:2800.54(C), the plaintiff must show that the vehicle/supplemental restraint system was in substantially the same condition as it was when it left its manufacturer's control and that there were no alterations or modifications to the vehicle's air bag system. Again, there is an absence of factual proof to assist the plaintiff in meeting this required evidentiary burden. The plaintiff's pleadings, responses to discovery requests, subsequent appellate briefs, and exhibits (including Dr. Baratta's affidavit) are silent as to the vehicle's condition at the time it left Nissan's control and are silent as to whether the air bag system was in an unaltered and unmodified condition at the time of the accident. The plaintiff

---

[21] La. R.S. 9:2800.53(9).

[22] See *Alexander v. Toyota*, 13-756 (La. 9/27/13), 123 So.3d 712.

10

produces no evidence to show the alleged defect in the air bag system was not caused by the collision itself. Accordingly, we find the plaintiff failed to produce evidence that would demonstrate he could carry the burden of proof on these required elements, in addition to those articulated in the above-specified theories.

Last, the plaintiff brought a claim under the express warranty provision of the LPLA. "A product is unreasonably dangerous when it does not conform to an express warranty made at any time by the manufacturer about the product if the express warranty has induced the claimant or another person or entity to use the product and the claimant's damage was proximately caused because the express warranty was untrue."[23] The plaintiff did not identify (1) a specific express warranty that induced him to use his vehicle, (2) did not prove that the warranty was untrue, and (3) did not show that the failure to conform to that express warranty caused his injuries. Rather, the plaintiff alleged that he, as a consumer, bought the vehicle because Nissan warranted that "[the vehicle] will perform like it is supposed to." As stated by the court of appeal, the plaintiff did not "point to any specific express warranty given by Nissan, but instead claim[ed] generally that Nissan had given him the expectation that his vehicle's air bag system would mitigate his injuries in a severe automobile accident, and it did not."[24] We cannot accept a general alleged warranty for purposes of an *express* warranty claim. The LPLA makes it very clear that in order for the manufacturer to be liable, there must be a specified stated warranty, i.e., *express.*

Dr. Barrata's affidavit opines that the owner's manual gave an expectation that in a high severity side impact, the side curtain air bags would deploy. However, and as discussed above, the manual specifically provided that the side air bags "may not inflate in certain side collisions." Thus, in the absence of an express

---

[23] La. R.S. 9:2800.58.

[24] *Reynolds v. Bordelon*, 14-121, p. 7 (La. App. 1 Cir. 9/19/14), 2014 WL 4667570.

statement warranting to the plaintiff that his air bags would have deployed in a collision substantially similar to his own, we find he cannot prevail on this claim at trial.

## CONCLUSION

For the reasons expressed herein, we find no error in the grant of summary judgment in favor of Nissan and we affirm the judgment of the court of appeal.

**AFFIRMED.**

SUPREME COURT OF LOUISIANA

NO. 2014-C-2371

RICHARD L. REYNOLDS

VERSUS

ROBERT J. BORDELON III, ROBERT J. BORDELON JR., USAGENCIES CASUALTY INSURANCE COMPANY, AUTOMOBILE CLUB INTER-INSURANCE EXCHANGE, AND/OR AUTO CLUB FAMILY INSURANCE COMPANY D/B/A TRIPLE A INSURANCE, NISSAN NORTH AMERICA, INFINITY DIVISION OF NISSAN NORTH AMERICA, INC., A LUXURY CAR DIVISION OF NISSAN MOTORS, INSURANCE AUTO AUCTIONS CORP., ABC INSURANCE COMPANY, DEF INSURANCE COMPANY AND XYZ INSURANCE COMPANY

CONSOLIDATED WITH

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY AS SUBROGEE OF/AND LINDA DUPUY

VERSUS

ROBERT BORDELON AND USAGENCIES CASUALTY INSURANCE COMPANY

ON WRIT OF CERTIORARI TO THE COURT OF APPEAL, FIRST CIRCUIT, PARISH OF ST. TAMMANY

Hughes, J., dissenting.

I respectfully dissent. I cannot conclude that summary judgment is proper in this case.

The *curriculum vitae* of plaintiff's expert was excluded because it was "unsworn and uncertified". Must an affidavit be obtained from each school and each publisher? Is there any greater gift to a defense attorney than a plaintiff's expert with an inaccurate C.V.? La. Code Civ. P. art 967 allows an expert to give an opinion on the facts by affidavit for purposes of summary judgment. But assessing the credibility of experts is the province of the fact finder.