# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 15-1094

**CHRISTOPHER MICHAEL BLANKS**

**VERSUS**

**ENTERGY GULF STATES LOUISIANA, LLC**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2013-2311
HONORABLE DAVID A. RITCHIE, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**MARC T. AMY**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Marc T. Amy, Elizabeth A. Pickett, and James T. Genovese, Judges.

**AFFIRMED.**

**Joseph R. Ballard**
**Todd S. Manuel**
**Post Office Box 2431**
**Baton Rouge, LA   70821-2431**
**(225) 381-5887**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Entergy Gulf States Louisiana, LLC**

**Thomas M. Flanagan**
**Andy Dupre**
**Anders F. Holmgren**
**Flanagan Partners LLP**
**201 St. Charles Avenue, Suite 2405**
**New Orleans, LA   70170**
**(504) 569-0235**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Entergy Gulf States Louisiana, LLC**

**Chad E. Mudd**
**David P. Bruchhaus**
**Mudd & Bruchhaus, LLC**
**410 E. College Street**
**Lake Charles, LA   70605**
**(337) 562-2327**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Christopher Michael Blanks**

**AMY, Judge.**

The plaintiff sought damages for work-related injuries sustained when he suffered a fall at an Entergy facility. As the plaintiff was an employee of a company engaged by Entergy to perform the work, Entergy claimed the statutory employer defense of La.R.S. 23:1032 and La.R.S. 23:1061 and filed a motion for summary judgment in this regard. The plaintiff filed a cross motion for summary judgment, suggesting that the trial court's prior determination that the contract between Entergy and the employer violated La.R.S. 9:2780.1, preventing application of the statutory employer defense. The trial court granted Entergy's motion for summary judgment, finding that the statutory provisions at issue were separate and distinct. The trial court further denied the plaintiff's cross motion and dismissed the case. The plaintiff appeals. For the following reasons, we affirm.

## Factual and Procedural Background

The plaintiff, Christopher Michael Blanks, alleges that he was an employee of Wastewater Specialties, Inc. on February 7, 2013, when he and other Wastewater employees were assigned to perform repairs to a boiler at an Entergy Gulf States Louisiana, LLC facility. He alleged that Entergy issued Wastewater a permit indicating that the area was safe for entry. However, he asserted that he and his co-workers were unaware of an unprotected open hole in the confined space and that he "unknowingly stepped into the open hole thereby causing him to free-fall an estimated thirty (30) feet to the ground." The plaintiff filed suit naming Entergy as a defendant and seeking damages for multiple bodily injuries allegedly

related to the accident.[1]  In its answer to the petition, Entergy advanced "any applicable tort immunity existing under Louisiana's Worker's Compensation Act to the extent that [Entergy] is the employer or statutory employer" of the plaintiff.

Thereafter, the plaintiff filed a motion for summary judgment seeking a determination that certain aspects of the contract between Wastewater and Entergy were unenforceable and invalid.  In particular, the plaintiff asserted that the contract violated La.R.S. 9:2780.1 as it required Wastewater's indemnification of Entergy and to hold the latter harmless, yet Wastewater did not recover the cost of any insurance required under the pertinent contracts.  The plaintiff further sought a determination that such a violation barred Entergy's statutory employer defense.

The trial court granted the motion for summary judgment in part, finding that the subject contract was a "construction contract" for purposes of La.R.S. 9:2780.1 and that the contract did, in fact, violate La.R.S. 9:2780.1(B) with regard to indemnity.  However, the trial court denied the motion with regard to the argument that the contractual violation otherwise prevented Entergy from pursuing the statutory employer defense.  A panel of this court thereafter denied the plaintiff's application for supervisory writs, finding no error in the trial court's ruling. *See Blanks v. Entergy Gulf States Louisiana, LLC*, 15-124 (La.App. 3 Cir. 4/2/15) (an unpublished writ opinion).

Following the denial of the writ application, both parties filed cross motions for summary judgment.  Entergy pursued a dismissal of the tort suit due to its claim of statutory employer immunity.  The plaintiff's cross motion for summary judgment posed the specific question of whether a statutory employer defense can

---

[1] Although the plaintiff also named as defendant, "ABC Insurance Company" as Entergy's liability insurance provider, Entergy's answer indicated that it "is a self-insured entity having a self-insured retention limit in excess of the damages involved in this matter."

be maintained when the underlying contract has been found to violate La.R.S. 9:2780.1. Both parties submitted documentation in support of their respective positions, largely surrounding the Wastewater/Entergy relationship. Following a hearing, the trial court found in favor of Entergy, granting its motion for summary judgment and dismissing it from the proceedings. The trial court further denied the plaintiff's corresponding motion for summary judgment.

The plaintiff appeals, asserting that the trial court erred in granting summary judgment in favor of Entergy "on the interpretation and application of La.R.S. 9:2780.1 to the contracts at issue and to the undisputed material facts presented in this case."

## Discussion

*Summary Judgment*

Louisiana Code of Civil Procedure Article 966[2] (A)(2) explains that the "summary judgment procedure is designed to secure the just, speedy, and inexpensive determination" of actions. Further, "[t]he procedure is favored and shall be construed to accomplish these ends." *Id.* A summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B)(2).

---

[2] While Article 966 was amended by 2015 La. Acts No. 422, § 1, and its provisions became effective on January 1, 2016, we consider this matter under the provisions of the Louisiana Code of Civil Procedure as they existed at the time of the trial court's consideration. *See* 2015 La.Acts. No. 422, § 2 (providing that: "The provisions of this Act shall not apply to any motion for summary judgment pending adjudication or appeal on the effective date of this Act.").

Although the moving party bears the burden of proof on the motion for summary judgment, the movant is not required to negate all essential elements of the adverse party's claim, action or defense if he or she will not bear the burden of proof at trial on the matter at issue. La.Code Civ.P. art. 966(C)(2). Rather, the movant is required "to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense." *Id.* In turn, if the adverse party does not produce sufficient factual support to establish that he or she will be able to satisfy his or her evidentiary burden of proof at trial, there is no genuine issue of material fact. *Id.* On review, an appellate court considers a summary judgment *de novo*, "using the same criteria that govern the trial court's determination of whether summary judgment is appropriate, *i.e.* whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law." *Reynolds v. Bordelon*, 14-2371, p. 3 (La. 6/30/15), 172 So.3d 607, 610.

We turn to consideration of the trial court's ruling in this matter.

*Merits*

As noted above, the initial summary judgment granted in this matter determined that the indemnity/hold harmless provision of the contract(s) for Wastewater's work with Entergy was not in compliance with La.R.S. 9:2780.1. Entitled "Certain contract provisions invalid; motor carrier transportation contracts; construction contracts[3]," La.R.S. 9:2780.1 provides, in pertinent part that:

---

[3] Louisiana Revised Statutes 9:2780.1(A)(2)(a) defines "Construction contract" as:

[A]ny agreement for the design, construction, alteration, renovation, repair, or maintenance of a building, structure, highway, road, bridge, water line, sewer

4

B. Notwithstanding any provision of law to the contrary and except as otherwise provided in this Section, any provision, clause, covenant, or agreement contained in, collateral to, or affecting a . . . construction contract which purports to indemnify, defend, or hold harmless, or has the effect of indemnifying, defending, or holding harmless, the indemnitee from or against any liability for loss or damage resulting from the negligence or intentional acts or omissions of the indemnitee, an agent or employee of the indemnitee, or a third party over which the indemnitor has no control is contrary to the public policy of this state and is null, void, and unenforceable.

. . . .

I. Nothing in this Section shall invalidate or prohibit the enforcement of the following:

(1) Any clause in a construction contract containing the indemnitor's promise to indemnify, defend, or hold harmless the indemnitee or an agent or employee of the indemnitee if the contract also requires the indemnitor to obtain insurance to insure the obligation to indemnify, defend, or hold harmless and there is evidence that the indemnitor recovered the cost of the required insurance in the contract price. However, the indemnitor's liability under such clause shall be limited to the amount of the proceeds that were payable under the insurance policy or policies that the indemnitor was required to obtain.

(2) Any clause in a construction contract that requires the indemnitor to procure insurance or name the indemnitee as an additional insured on the indemnitor's policy of insurance, but only to the extent that such additional insurance coverage provides coverage for liability due to an obligation to indemnify, defend, or hold harmless authorized pursuant to Paragraph (1) of this Subsection, provided that such insurance coverage is provided only when the indemnitor is at least partially at fault or otherwise liable for damages ex delicto or quasi ex delicto.

In light of the trial court's prior ruling, the enforceability of the hold harmless aspects of the contract(s) is not now at issue.

---

line, oil line, gas line, appurtenance, or other improvement to real property, or repair or maintenance of a highway, road, or bridge, including any moving, demolition, or excavation, except that no deed, lease, easement, license, or other instrument granting an interest in or the right to possess property will be deemed to be a construction contract even if the instrument includes the right to design, construct, alter, renovate, repair, or maintain improvements on such real property.

Rather, the viability of Entergy's statutory employer defense pursuant to La.R.S. 23:1061 is the subject of both Entergy's motion for summary judgment and the plaintiff's cross-motion for summary judgment. Contained within the workers' compensation provisions, and entitled "Principal contractors; liability," La.R.S. 23:1061 provides:

A. (1) Subject to the provisions of Paragraphs (2) and (3) of this Subsection, when any "principal" as defined in R.S. 23:1032(A)(2), undertakes to execute any work, which is a part of his trade, business, or occupation and contracts with any person, in this Section referred to as the "contractor", for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal, as a statutory employer, shall be granted the exclusive remedy protections of R.S. 23:1032 and shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed. For purposes of this Section, work shall be considered part of the principal's trade, business, or occupation if it is an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services.

(2) A statutory employer relationship shall exist whenever the services or work provided by the immediate employer is contemplated by or included in a contract between the principal and any person or entity other than the employee's immediate employer.

(3) Except in those instances covered by Paragraph (2) of this Subsection, a statutory employer relationship shall not exist between the principal and the contractor's employees, whether they are direct employees or statutory employees, unless there is a written contract between the principal and a contractor which is the employee's immediate employer or his statutory employer, which recognizes the principal as a statutory employer. When the contract recognizes a statutory employer relationship, there shall be a rebuttable presumption of a statutory employer relationship between the principal and the contractor's employees, whether direct or statutory employees. This presumption may be overcome only by showing that the work is not an integral part of or essential to the ability of the

principal to generate that individual principal's goods, products, or services.

B. When the principal is liable to pay compensation under this Section, he shall be entitled to indemnity from any person who independently of this Section would have been liable to pay compensation to the employee or his dependent, and shall have a cause of action therefor.

Here, the plaintiff does not question that Entergy has demonstrated its statutory employer status under the facts of this case, addressed below. Instead, the plaintiff argues that the legislature's enactment of La.R.S. 9:2780.1 in 2010 signals its intent to exclude indemnitees from the safeguards of the statutory employer defense if the underlying construction contract does not comply with the statute's requirements. He contends that, following the enactment of La.R.S. 9:2780.1, indemnitees seeking to avail themselves of the defense of La.R.S. 23:1061 must pay for that prospective indemnification as part of the contract price per La.R.S. 9:2780.1(I). It follows, the plaintiff asserts, that since the contract(s) at issue in this case did not include a conforming indemnity provision, that the statutory employer defense is otherwise unavailable to Entergy. Conversely, Entergy contends that the statutory schemes surrounding La.R.S. 9:2780.1 and La.R.S. 23:1061 must be viewed as separate and distinct. We find merit in the latter interpretation.

To the extent this matter requires statutory interpretation, we are mindful that the supreme court has instructed that:

Turning to general rules of statutory construction, courts should remember the following axioms. Legislation is the solemn expression of the legislative will; thus, the interpretation of legislation is primarily the search for the legislative intent. *Cat's Meow, Inc. v. City of New Orleans Through Dept. of Finance*, 98-0601 (La.10/20/98), 720 So.2d 1186, 1198; *Hutchinson v. Patel*, 93-2156 (La.5/23/94); 637 So.2d 415. When a law is clear and unambiguous, and its application does not lead to absurd consequences, it shall be applied

7

as written, with no further interpretation made in search of the legislative intent. La. Civ.Code art. 9; *Cat's Meow*, 720 So.2d at 1198. The starting point for interpretation of any statute is the language of the statute itself. *Touchard v. Williams*, 617 So.2d 885 (La.1993).

*Louisiana Safety Ass'n of Timbermen-Self Insurers Fund v. LIGA*, 09-0023, pp. 8-9 (La. 6/26/09), 17 So.3d 350, 355-56.

In this case, however, the language of each statute addresses distinct relationships. Louisiana Revised Statutes 9:2780.1 applies to construction contracts, advancing various requirements for general, *contractual* indemnification. In this case, and as determined by the first summary judgment, the controlling contracts are not compliant in this regard. Namely, no evidence was advanced that Wastewater recouped costs of the contractual indemnification.

However, no language is included within La.R.S. 9:2780.1, or elsewhere, that would indicate that it obviates La.R.S. 23:1061's separate *statutory* employer defense from tort liability in applicable cases. Had the legislature intended for La.R.S. 9:2780.1 to operate as an additional element to La.R.S. 23:1061, it could have included language specifically requiring such a change. It did not. Rather, and to the extent La.R.S. 9:2780.1 acknowledges workers' compensation recovery, it does so by positively reinforcing a worker's ability to recover those benefits.[4] In fact, reference to the "General Services Agreement" addressing the Wastewater/Entergy relationship contains separate provisions regarding general indemnification and the statutory employer relationship.

---

[4] *See* La.R.S. 9:2780.1(H) stating that: "Nothing in this Section shall prohibit any employee from recovering damages, compensation, or benefits under workers' compensation laws or any other claim or cause of action."

In light of the distinct relationships addressed by La.R.S. 9:2780.1 and La.R.S. 23:1061, we find no error in the trial court's denial of the plaintiff's cross motion for summary judgment.

Neither do we disturb the trial court's granting of Entergy's motion, in which it sought dismissal of the tort suit against it due to its statutory employer status. Set forth above, La.R.S. 23:1061 provides the requirements for a finding of statutory employer status. First, La.R.S. 23:1061(A)(1) requires that the work undertaken by Wastewater employees at the Entergy facility was in furtherance of "trade, business, or occupation." Here, the parties do not dispute that the plaintiff was engaged in work at the Entergy facility that was in furtherance of its business. Neither is there question that the parties' relationship was commemorated in the "General Services Agreement" setting forth the terms of the Entergy/Wastewater arrangement as required by La.R.S. 23:1061(A)(3). Section 13.1 of the General Services Agreement provides, in part, that:

> Nothing in this Section shall be construed as precluding the User [Entergy] from raising the "Statutory Employer" defense, if applicable, to any suit filed against the User by an employee of the Contractor [Wastewater] or any Subcontractor. Further, notwithstanding anything in this Subsection to the contrary, the parties mutually agree that it is their intention to recognize the User as the statutory employer of the Contractor's and Subcontractors' employees, whether direct employees or statutory employees of the Contractor or any Subcontractor, in accordance with Louisiana Revised Statute 23:1061, while Contractor's and any Subcontractor's employees are providing Work hereunder within the State of Louisiana.

As Entergy satisfied its burden under La.Code Civ.P. art. 966 of demonstrating its entitlement to the statutory employer defense of La.R.S. 23:1061(A)(3), we find that the trial court correctly entered summary judgment in its favor.

The plaintiff's assignment of error lacks merit.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed.  Costs of this appeal are assessed against the plaintiff—appellant, Christopher Michael Blanks.

**AFFIRMED.**