ROLAND L. BELSOME, Judge.
|,The plaintiff, Michael John Gaspard, appeals the trial court’s granting of summary judgment dismissing his malicious prosecution claims against attorney, Charles Arlen Braud, II. For the following reasons, the trial court’s judgment is affirmed.

Statement of Facts and Procedural History

In May 2009, appellant Michael Gaspard hired appellee Matthew Provensal to work as a massage therapist at H20 Hair, Inc. Provensal resigned four months later. Subsequent to his resignation, Provensal also filed a complaint with the Louisiana Board of Massage Therapy and the Equal Employment Opportunity Commission. Later, Provensal hired an attorney, Arlen Braud, to represent him regarding claims of alleged workplace misconduct by Gas-pard. Braud filed a lawsuit on Provensal’s behalf alleging discrimination, sex discrimination and sexual harassment in violation of Louisiana Employment Discrimination Law and Title VII of the CM Rights Act of 1964.
The Title VII claims against Gaspard individually were dismissed because the court found that Gaspard was not Proven-sal’s “employer”. After dismissal of hProvensal’s claims, Gaspard filed the instant suit for malicious prosecution damages against both Provensal and Braud.
Braud filed an exception of no cause of action or in the alternative a motion for summary judgment contending that Gas- *1289 pard would not be able to prove one or more of the necessary elements to successfully establish a claim for malicious prosecution. The trial court agreed, and granted Braud’s motion for summary judgment dismissing Gaspard’s malicious prosecution claims for religious discrimination, intentional infliction of emotional distress, slander, and defamation. Gaspard filed this appeal.

Assignments of Error

On appeal, Gaspard contends that the trial court erred in granting the Motion for Summary Judgment in favor of Braud because there are genuine issues of material fact exist that prevent judgment as a matter of law; and the trial court applied the wrong legal standard as to attorneys in malicious prosecution lawsuits.

Standard of Review

On appeal, a motion for summary judgment is reviewed de novo, with the appellate court using the same criteria that govern the trial court’s determination of whether summary judgment is appropriate; i.e. whether there is any genuine issue of material fact, and whether the mov-ant is entitled to judgment as a matter of law.[1] The mover bears the burden of proof.[2] “However, if the movant,” like Braud in this case, “will not bear the burden of proof at trial,” the movant must “point out to |athe court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.”[3]

Malicious Prosecution

“Malicious prosecution is the wrongful institution or continuation of a criminal or civil proceeding.”[4] As a matter of Louisiana Public Policy, “people acting in good faith shall have access to courts to redress wrongs.”[5] For that reason, malicious prosecution lawsuits are disfavored.[6] Thus, to maintain such a lawsuit, “a clear case must be established, where the forms of justice have been perverted to the gratification of private malice and the willful oppression of the innocent.” [7]
Consequently, for Gaspard to prevail in an action for malicious prosecution against Braud he must prove the following elements:
(1) the commencement or continuance of an original criminal or civil judicial proceeding, (2) its legal causation by the present defendant against the plaintiff who was defendant in the original proceeding, (3) a bona fide termination in favor of the present plaintiff, (4) the absence of probable cause for such proceeding, (5) the presence of malice therein, and (6) damage.[8]
*1290 |4For the purpose of this opinion, we will focus on whether Braud acted with malice or without probable cause in the filing of the underlying lawsuit.
To prove specific malice, Gaspard must establish that Braud acted with knowledge of falsity or with reckless disregard for the truth.[9] Further, to prove there was a lack of probable cause for the filing of the lawsuit, Gaspard must show that Braud did not have an' honest and reasonable belief in the allegations made.[10]
Provensal retained Braud to represent him in a cause of action against his employer for workplace harassment and discrimination. Provensal related to Braud that during his four month employment at H20 as a massage therapist, Gas-pard, a person Provensal believed to be his employer and owner of H20, had created a hostile work environment through harassing behavior. Provensal detailed numerous encounters with Gaspard that were clearly inappropriate employer-employee interactions. Braud discovered that Pro-vensal had expressed these same complaints to the Louisiana Board of Massage Therapy and the Equal Employment Opportunity Commission. Additionally, Braud learned that the Louisiana Board of Massage Therapy had received other similar complaints against Gaspard and that a former employee had filed a lawsuit asserting similar allegations. Thereafter, the underlying lawsuit was filed in federal court and asserted state and federal claims pursuant to Title VII against Gaspard and H20. We find that Braud acted reasonably and had sufficient probable cause to file the underlying lawsuit.
Even though Gaspard argues that Braud lacked probable cause to name him individually in the underlying lawsuit, his actual complaints take issue with the | (¡substance of the allegations; and the content of the allegations would have been the same even if Gaspard had not been named individually.
Accordingly, we find the record supports a finding that Braud acted with probable cause and without malice. Therefore, the judgment of the trial court is affirmed.
AFFIRMED

. Reynolds v. Bordelon, 172 So.3d 607, 610 (La.2015). (citations omitted).

. La. C.C.P. art. 966(D)(1).

. Id.

. Keppard v. AFC Enterprises, Inc., 00-2474, p. 7, (La.App. 4 Cir. 11/28/01), 802 So.2d 959, 965.

. Waste Mgmt. of Louisiana, L.L.C. v. Parish of Jefferson ex rel. Jefferson Parish Council, 947 F.Supp.2d 648, 656 (E.D.La.2013).

. Id.

. Id. (citing Johnson v. Pearce, 313 So.2d 812, 816 (La.1975)).

. Kelly v. West Cash & Carry Bldg. Materials Store, 99-0102 (La.App. 4 Cir. 10/20/99), 745 So.2d 743, 761 (citations omitted).

. Aucoin v. Aetna Casualty & Surety Co., 520 So.2d 795 (La.App. 3 Cir.1987)

. Kelly, 745- So.2d at 762(citations omitted).