STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2021 CA 1035

WACHOVIA MORTGAGE CORPORATION

VERSUS

STEPHEN TODD HOOVER

Judgment Rendered: __APR 0 8 2022__

* * * * *

On Appeal from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court No. 598,992

Honorable Wilson Fields, Judge Presiding

* * * * *

John C. Morris, III          Attorneys for Plaintiff-Appellee,
Ashley E. Morris            Wells Fargo Bank, NA, Successor by
Monroe, LA                  Merger to Wachovia Bank, NA

Garth J. Ridge              Attorney for Defendant-Appellant,
Baton Rouge, LA            Stephen Todd Hoover

* * * * *

BEFORE: WHIPPLE, C.J., PENZATO, AND HESTER, JJ.

**HESTER, J.**

Defendant, Stephen Todd Hoover, appeals the trial court's grant of summary judgment in favor of plaintiff, Wells Fargo, NA, Successor by Merger to Wachovia Bank, NA (hereafter referred to as "Wells Fargo")[1] in this suit on a promissory note. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

On February 7, 2011, Wachovia Mortgage Corporation filed a "Petition to Enforce Security Interest by Ordinary Process" seeking to enforce a note dated March 15, 2000, in the original principal sum of $351,000.00 executed by Mr. Hoover as maker (the note). In its petition, Wachovia stated that Mr. Hoover was required to make monthly payments on the note, Mr. Hoover defaulted on the note by failing to pay the monthly installment for June 1, 2010, when due, and Mr. Hoover remained in default by failing to pay all successive monthly installments and other amounts due on the note and mortgage. Wachovia sought the remaining amount due on the note plus advances for payments of taxes and insurance, interest, costs, and fees. The note was secured by an act of mortgage encumbering immovable property bearing the municipal address 609 Grand Lakes Drive, Baton Rouge, Louisiana. Attached to Wachovia's petition were a copy of the note and a copy of the mortgage.

On December 9, 2011, Wachovia filed an ex parte motion to substitute Wells Fargo as plaintiff. As pertinent to this appeal, on February 19, 2019, Wells Fargo filed a motion for summary judgment contending that there are no material facts at issue, and Wells Fargo is entitled to a judgment enforcing the terms of the note. Wells Fargo attached the following to its motion for summary judgment: discovery requests and responses by Mr. Hoover; an affidavit of Jeremiah Herberg, a Vice President of Loan Documentation for Wells Fargo, with the original note, including

---

[1] The original plaintiff, Wachovia Mortgage Corporation ("Wachovia"), merged with and into Wells Fargo on May 6, 2011.

an attachment entitled "Allonge to Note," an affidavit of lost note or modification agreement, a copy of the act of mortgage, and a statement with a certificate by Brenda S. Bradly, an assistant secretary with Wells Fargo, with several documents attached.

In response, Mr. Hoover opposed Wells Fargo's motion for summary judgment attaching the original petition with a copy of the note attached. In his opposition, Mr. Hoover pointed out that there are variations in the copies of the note and the original, and the absence of an allonge in the original note. Mr. Hoover contended that the inconsistencies in the notes as well as Wells Fargo initially claiming that the note was lost, but then submitting the original note, created genuine issues of material fact.

Wells Fargo's motion for summary judgment came before the trial court for a hearing on June 24, 2019.[2] After the hearing, the trial court signed a judgment on July 15, 2019, in favor of Wells Fargo against Mr. Hoover. Mr. Hoover appealed that judgment to this court. This court dismissed the appeal for lack of subject matter jurisdiction because the precise amount of "additional amounts accruing thereafter," "all expenses," "fees," and "reasonable attorney fees," provided for in the judgment could not be determined from the judgment, and the indefinite awards rendered the entire judgment not final and not appealable. **Wachovia Mortgage Corp. v. Hoover**, 2019-1520 (La. App. 1st Cir. 9/21/20), 314 So. 3d 42, 45.

Thereafter, Wells Fargo filed a "Motion to Reform Judgment and Establish Attorney Fees" and a hearing was set to address the motion. After the hearing, the trial court signed a "Reformed Judgment" on April 27, 2021, in favor of Wells Fargo and against Mr. Hoover in the following amounts:

> (a) principal of $293,763.91 with interest thereon at 9.625% per annum from May 1, 2010, until paid; (b) the following amounts accrued

---

[2] The motion for summary judgment initially came before the trial court on April 8, 2019, but the ruling was not rendered until June 24, 2019, because the trial court wanted to review Mr. Hoover's opposition before ruling.

through February 5, 2019: late charges of $1,193.36, advances of $30,625.39 for the payment of hazard insurance, advances of $34,517.64 for the payment of taxes, property inspections/preservation of $680.00; (c) expenses of $1,286.29 and attorney's fees in the amount of $7,532.50, and (d) all law charges, cost and expenses including Sherriff's commission.

The judgment also ordered that the mortgage securing the described debt in favor of Wells Fargo be recognized and declared enforceable in accordance with the law and with preference and priority over all inferior encumbrances to the property located at 609 Grand Lakes Drive, Baton Rouge, Louisiana. It is from this judgment that Mr. Hoover appeals, raising three assignments of error contending that the discrepancies between the copies of the note and the original note raise a genuine issue of material fact; that Wells Fargo should have amended its petition based on the discrepancies in the original note and the copy of the note; and that Wells Fargo's initial statement that the note was lost was a judicial confession that was not properly revoked and creates a genuine issue of material fact.

## LAW AND ANALYSIS

After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. Code Civ. P. art. 966(A)(3). A "genuine" issue is a triable issue, which means that an issue is genuine if reasonable persons could disagree; if on the state of the evidence, reasonable persons could reach only one conclusion, there is no need for a trial on that issue. A fact is "material" when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. **Kasem v. State Farm Fire & Cas. Co.**, 2016-0217 (La. App. 1st Cir. 2/10/17), 212 So. 3d 6, 13. The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of every action. La. Code Civ. P. art. 966(A)(2).

4

If the party moving for summary judgment will bear the burden of persuasion on the subject issue at trial, as here, that party must support its motion with credible evidence that would entitle it to directed verdict if not controverted at trial. **Hines v. Garrett**, 2004-0806 (La. 6/25/04), 876 So.2d 764, 766; **Aucoin v. Larpenter**, 2020-0792 (La. App. 1st Cir. 4/16/21), 324 So.3d 626, 632, writ denied, 2021-00688 (La. 9/27/21), 324 So.3d 87. A motion for directed verdict is appropriately granted when, after considering all evidentiary inferences in the light most favorable to the party opposing the motion, it is clear the facts and inferences are so overwhelmingly in favor of the moving party that reasonable men could not arrive at a contrary verdict. **LAD Services of Louisiana, L.L.C. v. Superior Derrick Services, L.L.C.**, 2013-0163 (La. App. 1st Cir. 11/7/14), 167 So.3d 746, 751, writ not considered, 2015-0086 (La. 4/2/15), 162 So.3d 392. Such an affirmative showing shifts the burden of production to the party opposing the motion for summary judgment and requires that party to produce evidentiary materials that demonstrate the existence of a "genuine issue" for trial. **Aucoin**, 324 So.3 at 632. However, if there is any evidence in the record from any source from which a reasonable inference in the nonmoving party's favor may be drawn, the moving party simply cannot obtain a summary judgment. **Hines**, 876 So.2d at 766-67 (citations omitted).

In determining whether summary judgment is appropriate, appellate courts review evidence *de novo* under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. **Reynolds v. Bordelon**, 2014-2371 (La. 6/30/15), 172 So.3d 607, 610. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. **Succession of Hickman**, 217 So.3d at 1244. Summary judgment is an appropriate procedural device to enforce a negotiable instrument when the defendant establishes no defense against enforcement. **Winston v. Hall**, 2017-1097 (La. App. 1st Cir.

5

4/6/18), 2018 WL 1663020 *3(unpublished), citing **American Bank v. Saxena**, 553 So.2d 836, 844-846 (La. 1989). In a suit to collect on a promissory note, once the plaintiff, as holder of the note, proves the maker's signature, or the maker admits it, the holder has made out his *prima facie* case by mere production of the note and is entitled to recover in the absence of any further evidence. The burden then shifts to the defendant to prove the existence of a triable issue of material fact and/or any affirmative defenses. **Riedel v. Fenasci**, 2018-0538 (La. App. 1st Cir. 12/28/18), 269 So.3d 995, 999. Under La. R.S. 10:3-301 a "Person entitled to enforce" an instrument means (i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to La. R.S. 10:3-309 or 10:3-418(d).

Wells Fargo's motion for summary judgment is based on its assertion that it has established the right to enforce the note as well as the default of Mr. Hoover. In the affidavit of Mr. Herberg attached to Wells Fargo's motion for summary judgment, Mr. Herberg stated that, due to the regular performance of his job functions, he is familiar with the business records maintained by Wells Fargo for the purpose of servicing mortgage loans and has acquired personal knowledge of the matters stated in his affidavit by examining the business records. Mr. Herberg said that Wells Fargo is an entity that owns and has possession of the note executed by Mr. Hoover. The note was attached to his affidavit and provided that Mr. Hoover promised to pay to the lender, Landmark Mortgage Corporation, the amount of $351,000.00 plus interest at the yearly rate of 9.625%. Attached to the note was an "Allonge to Note" wherein Landmark Mortgage Corporation endorsed the note to First Union Mortgage Corporation. Also attached to the affidavit was the mortgage, which secured the note, executed by Mr. Hoover affecting the property located at 609 Grand Lakes Drive.

6

The statement with the Bank's certificate executed by Ms. Bradly, the Wells Fargo assistant secretary, certified that First Union Mortgage Corporation changed its name to Wachovia Mortgage Corporation in February 2002, and Wachovia merged with and into Wells Fargo National Association in May 2011. Attached to her statement was the paperwork evidencing the name change and merger of Wachovia with and into Wells Fargo.

Regarding Mr. Hoover's default on the note, Mr. Herberg pointed out in his affidavit that his review of the account of Mr. Hoover revealed that Mr. Hoover defaulted on the note, and the default has not been cured. Mr. Herberg stated that as of February 5, 2019, the amount due on the note totaled $608,494.31.[3] In the requests for admission and interrogatories directed to Mr. Hoover attached to Wells Fargo's motion for summary judgment, Mr. Hoover admitted that he did not timely make all payments contemplated by the note and mortgage pertaining to the mortgage loan, and he did not enter into a written loan modification agreement at any point since March 15, 2000. Additionally, in Wells Fargo's request for production of documents, Wells Fargo asked for proof of all payment made by Mr. Hoover pursuant to the mortgage obligation, and Mr. Hoover stated that he "does not have any of those document[s]."

Finally, Mr. Herberg attached to his affidavit a lost note affidavit executed in 2012 that stated that the original note could not be located. However, Mr. Herberg expressly stated in his affidavit that the original note was subsequently located around June 2018 and the lost note affidavit was cancelled.

After a *de novo* review of the evidence presented by Wells Fargo, we find that Wells Fargo proved its *prima facie* case against Mr. Hoover by producing the

---

[3] This included the remaining principal in the amount of $293,763.91; interest in the amount of $247,714.01; late charges in the amount of $1,193.36; hazard insurance disbursements in the amount of $30,625.39; tax disbursements in the amount of $34,517.64; and property inspections in the amount of $680.00. This summary included Wells Fargo's exercise of its right to accelerate all amounts due in accordance with the promissory note.

original note, which establishes the debt, unrefuted evidence that Wells Fargo currently owns the note, and proof of Mr. Hoover's default on the note. With this showing, the burden shifted to Mr. Hoover to prove the existence of a triable issue of material fact and/or any affirmative defenses.

In opposition to Wells Fargo's motion for summary judgment, Mr. Hoover did not introduce evidence of payment, but rather his attorney raised several arguments. First, Mr. Hoover argued that differences in the copy of the note attached to the original petition, the copy of the note attached to a 2012 motion for summary judgment, and the original note attached to the current motion for summary judgment raise a genuine issue of material fact. Specifically, Mr. Hoover contends that there was an allonge attached to the copy of the note attached to the original petition that was not attached to the original note, and that there were endorsements on an allonge attached to the original note that were not attached to the copy. Mr. Hoover also argued that Wells Fargo's previous statements in court and in affidavits that the note was lost constitute a judicial confession that can only be revoked on the grounds of error of fact. Mr. Hoover further argued that Wells Fargo should have amended its petition because the original petition indicated that a copy of the note was attached and the motion for summary judgment relies on the original note.

While there were some differences between the allonges and endorsements on the copies of the note and the original note, the differences do not bear on Mr. Hoover's obligation to pay the note, and these facts raised by Mr. Hoover are not material in that their existence or nonexistence are not essential to Wells Fargo's cause of action for enforcement of a note by ordinary process. Therefore, the differences in the note do not raise a genuine issue for trial.

Furthermore, we are not persuaded by Mr. Hoover's arguments that a statement that a note is lost is a judicial confession that can only be revoked for error of fact or that Wells Fargo should have amended its petition. Recently, the Louisiana

8

Supreme Court addressed a similar issue in **Consumer Solutions, LLC v. Thompson**, 2020-01359 (La. 2/9/21) 309 So.3d 730 (per curiam), wherein the plaintiff attached a copy of a note to the original petition and stated in their response to an exception of no right of action that the note was lost,[4] but the plaintiff produced the original note at trial. The Supreme Court determined that the fact that the plaintiff may not have had physical possession of the note when the suit was filed does not in and of itself defeat plaintiff's claim to the right to enforce. The Supreme Court did not find that the plaintiff's statement in a pleading that the note was lost constituted a judicial confession and did not require the plaintiff to amend the petition to attach the original note before addressing the merits of the petition. See **Consumer Solutions, LLC**, 309 So.3d at 730-731. Furthermore, the relief requested, enforcement of the note, is the same in the original petition and the motion for summary judgment, and there are no new causes of action alleged in the motion for summary judgment.

As the facts raised by Mr. Hoover are not material to Wells Fargo's cause of action to enforce the note by ordinary process, and summary judgment cannot be defeated by mere argument of counsel, we find no merit to Mr. Hoover's assignments of error. Mr. Hoover failed to prove the existence of a triable issue of material fact and/or any affirmative defenses sufficient to defeat summary judgment; therefore, the trial court did not err in granting summary judgment in favor of Wells Fargo and ordering Mr. Hoover to pay the amount due on the note.

---

[4] The fact that the plaintiff stated in a response to an exception that the note was lost is from this court's opinion in **Consumer Services**. See **Consumer Solutions LLC v. Thompson**, 2019-0214 (La. App. 1st Cir. 9/2/20), 2020 WL 5229434 (unpublished), writ granted, 2020-01359 (La. 2/9/21), 309 So.3d 730. This court's opinion was ultimately overturned by the Supreme Court, but this fact was not disputed.

## CONCLUSION

For the foregoing reasons, the trial court's grant of summary judgment in favor of Wells Fargo is affirmed. All costs of the appeal are assessed to defendant-appellant, Mr. Stephen Hoover.

**AFFIRMED.**