| MAXIMO URBINA | * | NO. 2025-CA-0261 |
|---|---|---|
| VERSUS | * | COURT OF APPEAL |
| SUNBELT RENTAL, INC., ET AL | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |
| | * | |
| | * | |

* * * * * * *

**CONSOLIDATED WITH:**

MAXIMINO URBINA

VERSUS

SUNBELT RENTALS, INC.,
SUNBELT RENTALS SCAFFOLD
SERVICES, LLC, SUNBELT
RENTALS INDUSTRIAL
SERVICES, LLC, THE TORO
COMPANY AND TRAVELERS
INSURANCE COMPANY

**CONSOLIDATED WITH:**

NO. 2025-C-0214

**ERVIN-KNOTT, J., DISSENTING IN PART**

I agree with the majority's decision to affirm the judgment on the design defect claim against Toro. However, I respectfully disagree as to all the remaining claims.

The purpose of the summary judgment procedure is to obtain a just, speedy, and inexpensive resolution to an action. La. C.C.P. art. 966(A)(2). "The procedure is favored and shall be construed to accomplish these ends." *Id*. If the mover on the summary judgment motion will not bear the burden of proof at trial, then he need only point to the absence of factual support for one of the adverse party's claim. *Reynolds v. Bordelon*, 2014-2371, p. 3 (La. 3/30/15), 172 So. 3d 607, 610. If he does this, the burden then shifts to the non-moving party to produce factual support sufficient to establish that he will meet his evidentiary burden at trial. *Id*. at p. 3, 172 So. 3d at 610-11. The non-moving party's failure to produce sufficient support

mandates the granting of summary judgment. *Id*. at pp. 3-4, 172 So. 3d at 611 (citation omitted).

In regards to Urbina's construction/composition defect claims against Toro, I find Toro produced sufficient evidence to show that Urbina will not be able to support this claim at trial. To be successful, Urbina will be required to prove that the handle grips deviated from Toro's specifications or performance standards at the time the mud buggy left Toro's control. The majority notes that the "undisputed detachment" of the handle grip is evidence that it deviated from Toro's specification standards, an observation that echoes the opinion of Urbina's expert. However, one cannot presume that a defect existed by the mere occurrence of an accident. *Jenkins v. Int'l Paper Co.*, 41,566, p. 5 (La. App. 2 Cir. 11/15/06), 945 So. 2d 144, 147; *see also, Jaeger v. Automotive Cas. Ins. Co.*, 1995-2448, p. 9 (La. App. 4 Cir. 10/9/96), 682 So. 2d 292, 298.

The majority also finds that the circumstantial evidence and the doctrine of *res ipsa loquitor* create a genuine issue that preserves this claim for trial. Yet, the doctrine of *res ipsa loquitor* only applies when "the evidence [] sufficiently eliminate[s] other more probable causes of the injury, such as the conduct of the plaintiff or a third person." *Linnear v. CenterPoint Energy Entex/Reliant Energy*, 2006-3030, p. 6 (La. 9/5/07), 966 So. 2d 36, 41 (citation omitted). While Toro's expert admitted the handle grips are not designed to dislodge, he also provided other possibilities for their dislodgement, such as external causes that arose after it left Toro's control. Further, the evidence produced at the summary judgment hearing reflected that the mud buggy had been damaged *after* it left Toro's control.

In short, Urbina's speculation that a defect must have existed at the time the mud buggy left Toro's control merely because the accident occurred is insufficient to defeat summary judgment on this issue. At the time the district court granted summary judgment, this case had been pending for almost six years; yet, Urbina

failed to produce evidence to support his claim. Therefore, I would affirm the district court's dismissal of Urbina's construction/composition defect claim.

Similarly, I would affirm the district court's dismissal of Sunbelt from this suit. In order to hold Sunbelt liable as a lessor, Urbina must show that Sunbelt knew (or should have known) that the mud buggy was defective and failed to warn Urbina of this defect. Sunbelt's corporate representative testified that Sunbelt inspects all of its mud buggies prior to renting them to customers and that all customers are in turn expected to perform their own inspections upon receipt of the product. Nowhere in the record is there evidence that the mud buggy was damaged at the time Sunbelt rented the mud buggy to Tuna Construction, although there is evidence that the mud buggy was damaged while under Tuna Construction's control. In light of this, I would find that Sunbelt met its summary judgment burden, and Urbina failed to produce factual support for his claim. As such, there is no genuine issue of material fact regarding Urbina's negligence claim against Sunbelt, and I would affirm the district court's dismissal of Sunbelt from this suit.

Finally, for the reasons assigned by Judge Ledet, I would affirm the district court's judgment on Urbina's failure to warn claim against Toro.