HIGGINBOTHAM, J.
Un this personal injury suit, plaintiffs, individually and on behalf of their minor child who was injured in an accident at a public park, appeal a summary judgment granted in favor of defendants, dismissing plaintiffs’ claim for damages.
BACKGROUND
On August 3, 2011, two-year-old Derrick Albert Jr. (DJ) was at Independence Park with his grandmother, Toni Palmer, to watch a football practice. While at the park, DJ’s grandmother stopped to speak to the cheerleader coach, Toisha Banks, and DJ proceeded to climb a set of spectator bleachers with another child, who was approximately ten years old. DJ fell from the bleachers and landed on his back on a concrete surface. DJ’s parents, Brittany Hasbert and Derrick Albert, Sr., individually and on behalf of DJ, commenced proceedings against the Recreation and Park Commission-for the Parish of East Baton Rouge (BREC), as owner and operator of Independence Park, pursuing damages for the injuries DJ sustained as a result of the *1064 fall. On October 23, 2015, BREO filed a motion for summary judgment seeking dismissal of plaintiffs’ claims on the grounds that plaintiffs would be unable to prove that the bleachers were defective, that the bleachers caused DJ’s injuries, or that BREC had actual or constructive notice of an alleged defect in the bleachers. On January 7, 2016, plaintiffs opposed BREC’s motion for summary judgment and filed a cross motion for summary judgment. After a hearing, the trial court signed a judgment on February 18, 2016, granting BREC’s motion for summary judgment, denying plaintiffs’ cross motion for summary judgment, and dismissing plaintiffs’ claims. It is from this judgment that plaintiffs now appeal.
APPLICABLE LAW
On appeal, summary judgments are reviewed de novo under the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate. Sunrise Const. and Development Corp. v. Coast Waterworks, Inc., 2000-0303 (La.App. 1 Cir. 6/22/01), 806 So.2d 1, writ denied, 2001-2577 (La. 1/11/02), 807 So.2d 235. Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions, together with any affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. Code Civ. P. art. 966(B)(2).[1] The initial burden of proof is on the moving party; how ever, if the moving party will not bear the burden of proof at trial, the moving party’s burden on the motion is satisfied by pointing out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim. Thereafter, the nonmoving party must produce factual support sufficient to establish that she will be able to satisfy her evidentiary burden of proof at trial; failure to do so shows that there is no genuine issue of material fact and the motion should be granted. La. Code Civ. P. art. 966(C)(2).
A genuine issue is a triable issue. In determining whether an issue is genuine, courts cannot consider the merits, make credibility determinations, evaluate testimony, or weigh evidence. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La. 7/5/94), 639 So.2d 730, 751. A fact is material when its existence or nonexistence may be essential to the plaintiffs cause of action under the applicable theory of recovery. Id. Facts are material if they potentially insure or preclude recovery, affect a litigant’s ultimate success, or determine the outcome of the legal dispute. King v. Illinois Nat. Ins. Co., 2008-1491 (La. 4/3/09), 9 So.3d 780, 784. Because it is the applicable substantive law that determines materiality, whether or not a particular fact in dispute is material can be seen only in light of the substantive l4law applicable to the case. Manno v. Gutierrez, 2005-0476 (La.App. 1 Cir. 3/29/06), 934 So.2d 112, 116.
The applicable substantive law in this case is set forth in La. R.S. 9:2800, titled limitation of liability for public bod *1065 ies. Under La R.S. 9:2800, in order to prove BREC, as a public body, is liable for damage caused by the condition of a thing, plaintiffs must establish: (1) custody or ownership of the defective thing by the public entity; (2) the defect created an unreasonable risk of harm; (3) the public entity had actual or constructive notice of the defect; (4) the public entity failed to take corrective action within a reasonable time; and (5) causation. Temple v. Morgan, 2015-1159 (La.App. 1 Cir. 6/3/16), 196 So.3d 71, 76, writ denied, 2016-1255 (La. 10/28/16), 208 So.3d 889. Louisiana Revised Statute 9:2800(D) defines constructive notice as “the existence of facts which infer actual knowledge.” Constructive notice can be found if the conditions which caused the injury existed for such a period of time that those responsible, by the exercise of ordinary care and diligence, must have known of their existence in general and could have guarded the public from injury. See Goza v. Parish of West Baton Rouge, 2008-0086 (La.App. 1 Cir. 5/5/09), 21 So.3d 320, 329, writ denied, 2009-2146 (La. 12/11/09), 23 So.3d 919, cert denied, 560 U.S. 904, 130 S.Ct. 3277, 176 L.Ed.2d 1184 (2010). Failure to meet any one statutory element will defeat a negligence claim against a public entity. See Coleman v. Wal-Mart Stores, Inc., 98-0124 (La.App. 1 Cir. 11/6/98), 721 So.2d 1068, 1072; Breitling v. Shreveport, 44, 112 (La. App. 2d Cir. 5/13/09), 12 So.3d 457, 459, writ not considered, 2009-1330 (La. 9/25/09), 18 So.3d 95.
DISCUSSION
A determination of whether the trial court properly granted summary judgment dismissing plaintiffs’ claims against BREC hinges on whether plaintiffs failed to establish a prima, facie case of liability of a public entity under La. R.S. |s9:2800. Pursuant to that statute, plaintiffs have the mandatory burden of proving that the bleachers at Independence Park had a defect that created an unreasonable risk of harm, BREC had actual or constructive notice of the defect and failed to take any corrective action within a reasonable time, and the defect caused DJ’s injuries.
In favor of its motion for summary judgment, BREC presented the affidavit of David Noland, who is the senior risk manager for BRE C, attested that there were no reported complaints or incidents related to the alleged defects in the bleachers at Independence Park prior to DJ’s fall. Mr. Nolan also attested that BREC produced routine monthly inspection reports of Independence Park, including the bleachers, and the reports indicated that the subject bleachers were free of defects prior to the accident. Mr. Noland further attested that plaintiffs’ lawsuit was the first and only complaint involving the bleachers at issue.
BREC also introduced the deposition testimony of Justin Smith as a representative of BREC. In his deposition, Mr. Smith estimated that the bleachers had been at the Independence Park location since the 1980s and were routinely inspected for safety hazards.
BREC also introduced deposition testimony of Ms. Banks and Ms. Palmer, both of whom acknowledged that DJ was walking up the bleachers with a ten-year-old child, and stated that did not see how DJ fell from the bleachers.
In its petition and in opposition to BREC’s motion for summary judgment, plaintiffs contended that a wide gap between the top bleacher seat and the bottom guardrail, as well as unstable wooden boards, were defects in the bleachers that caused DJ to fall. Plaintiffs recognized that no one saw how DJ fell from the bleachers, and he was not with an adult at the time of his fall. In opposition to BREC’s motion for summary judgment, plaintiffs intro *1066 duced an affidavit of Scott Burton who was a certified playground safety expert. Mr. Burton attested that the bleachers DJ fell from were not in compliance with the Consumer Products Safety | (¡Commission Bleacher Guidelines (CPSCBG). BREC does not dispute that the bleachers do not meet the CPSCBG, but points out that guidelines are purely voluntary recommendations and not mandatory regulations. Thus, BREC not being in compliance with the voluntary guidelines does not per se prove an unreasonable risk of harm. See Pesson v. Reynolds, 97-0150 (La.App. 1 Cir. 11/13/98), 727 So.2d 507, 511, writ denied, 99-0875 (La. 5/7/99), 741 So.2d 657. Additionally, any gap between the top bleacher seat and the bottom guard rail was open and obvious to everyone who might potentially encounter the bleachers. See Bufkin v. Felipe’s Louisiana, LLC, 2014-0288 (La. 10/15/14), 171 So.3d 851, 856.
Plaintiffs also introduced the deposition testimony of Ms. Banks, who described the bleacher boards as “wobbly” when they were used to take cheerleader pictures approximately six weeks before DJ’s accident. Ms. Banks acknowledged that the cheerleaders did not use the back row, where plaintiffs claim DJ fell from, when taking their pictures, and Ms. Banks stated that she did not report to BREC regarding the condition of the bleachers. .
After conducting a de novo review of the evidence, we conclude that BREC showed that there was an absence of factual support for essential elements of plaintiffs’ claims, specifically that BREC had actual or constructive notice of any dangerous condition or defect in the bleachers at Independence Park. There were no prior complaints or incidents related to a gap between the bottom bleacher seat and the top rail prior to DJ’s accident, or to the stability of the boards, and. the monthly inspection reports provided by BREC did not present any safety concerns regarding the bleachers. Thus, we find no error in the trial court’s judgment granting BREC’s motion for summary judgment.
CONCLUSION
For the foregoing reasons, the February 18, 2016 judgment of the trial court granting summary judgment in favor of BREC, denying plaintiffs’ cross motion for [7summary judgment, and dismissing plaintiffs’ claims is affirmed. All costs of the proceedings are assessed to plaintiffs, Brittany Hasbert and Derrick Albert, Sr., individually and on behalf of their minor child.
AFFIRMED.

. Louisiana Code of Civil Procedure article 966 was amended and reenacted by Acts 2015, No. 422, § 1, with an effective date of January 1, 2016. The amended version of article 966 does not apply to any motion for summary judgment pending adjudication or appeal on the effective date of the act. Although plaintiffs’ cross motion for summary judgment was filed after the effective date of the act, because BREC’s motion for summary judgment was “pending adjudication’’ prior to the effective date of the act, and all of plaintiffs’ assignments of error relate to the granting of BREC's motion for summary judgment, we refer to the former version of the article in this case. See Acts 2015, No. 422, §§ 2 and 3.