# STATE OF LOUISIANA

## COURT OF APPEAL

### FIRST CIRCUIT

*PMc by JEW*

*JEW*

**2019 CA 0457**
**c/w 2019 CA 0458**

## JACQUELYN B. JACKSON, PAULETTE FENDERSON HEBERT, AND FARRAH GAINIE WALLIS

### VERSUS

## THE BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE, EMR SERVICES, LLC, KONE, INC., AND ANY UNIDENTIFIED LSU STUDENT UNION AGENTS AND/OR EMPLOYEES

Judgment Rendered:    **MAY 2 6 2020**

* * * * * *

On Appeal from the Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket No. C639891 c/w C639892

Honorable Michael R. Caldwell, Judge Presiding

* * * * * *

Dominic N. Varrecchio
New Orleans, Louisiana

Counsel for Plaintiffs/Appellants
Jacqueline Jackson, Paulette
Fenderson Hebert, and Farrah Gainie Wallis

Jeff Landry
Attorney General
Andrew Blanchfield
C. Reynolds LeBlanc
Special Assistant Attorneys General
Baton Rouge, Louisiana

Counsel for Defendant/Appellee
The Board of Supervisors, Louisiana
State University Agricultural and
Mechanical College

Christopher J. Aubert
David M. Gold
Covington, Louisiana

Counsel for Defendant/Appellee
EMR Services, LLC

* * * * * *

**BEFORE: McCLENDON, WELCH, AND HOLDRIDGE, JJ.**

*Holdridge, J., concurs in result*

**McCLENDON, J.**

In this action for damages, the plaintiffs appeal a summary judgment granted in favor of one of the defendants. For the following reasons, we affirm.

## FACTS AND PRODCEDURAL HISTORY

This matter arises out of an elevator incident that occurred on June 9, 2014, in the Student Union on the campus of Louisiana State University Agricultural and Mechanical College (LSU) in Baton Rouge. The plaintiffs, Jacquelyn B. Jackson, Paulette Fenderson Hebert, and Farrah Gainie Wallis, assert that they were injured when the elevator they were in malfunctioned, causing it to drop and come to an abrupt stop. The plaintiffs also contend that, following the incident, an unidentified LSU employee told them that there had been a similar problem with the same elevator the day before.

On June 8, 2015, Ms. Jackson filed a petition for damages against several defendants, including the Board of Supervisors of LSU and EMR Services, LLC, the elevator maintenance company for LSU. Also on June 8, 2015, Ms. Hebert and Ms. Wallis filed a separate petition for damages against the same defendants.[1] The cases were consolidated in January 2016.

On May 11, 2017, LSU filed a motion for summary judgment, maintaining that it was entitled to summary judgment as a matter of law, contending that the plaintiffs were unable to produce evidence to support their burden of proof at trial. Specifically, LSU asserted that the plaintiffs were unable to show that LSU had prior notice of the alleged defect or that LSU failed to take corrective action within a reasonable amount of time.[2]

After an initial hearing on the motion for summary judgment, the trial court continued the matter to allow the plaintiffs an opportunity to conduct additional

---

[1] In their petitions, the plaintiffs also named Kone, Inc., as "the manufacturer and/or installer" of the elevator, and "unidentified LSU employee(s)" as defendants.

[2] EMR also filed a motion for summary judgment, arguing that the plaintiffs could not show that it contributed in any way to the alleged incident or that the incident was caused by a failure of EMR to exercise reasonable care in the maintenance of the elevator. The trial court granted EMR's motion for summary judgment, finding that the plaintiffs admitted that they had no evidence to oppose the motion. Another panel of this court affirmed the summary judgment in favor of EMR. See **Jackson v. The Board of Supervisors of Louisiana State University**, 19-0459 (La.App. 1 Cir. 1/9/20), ___ So.3d ___, ___.

2

discovery. On May 21, 2018, a year after the motion for summary judgment was filed, the trial court heard the motion and granted summary judgment in favor of LSU. On June 13, 2018, the trial court signed a judgment in favor of LSU, granting the motion for summary judgment and dismissing all claims against it with prejudice. The plaintiffs appealed.

In this appeal, the plaintiffs assign as error 1) the trial court's failure to find that they proved that LSU had adequate notice of the defective elevator, 2) the trial court's decision to hold as inadmissible hearsay the statement of the unidentified LSU employee regarding similar problems with the elevator the day before the incident at issue, and 3) the trial court's failure to find that LSU's refusal to identify the LSU employee damaged the plaintiffs in keeping them from furthering their claims.

## SUMMARY JUDGMENT LAW

After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966A(3). The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of every action. LSA-C.C.P. art. 966A(2).

The burden of proof is on the mover. LSA-C.C.P. art. 966D(1). Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion, the mover's burden does not require that all essential elements of the adverse party's claim, action, or defense be negated. Rather, the mover must point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, the adverse party must produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. LSA-C.C.P. art. 966D(1). Further, the plaintiffs may not rest on the mere allegations in their pleadings, but their responses must set forth specific facts showing that there is a

3

genuine issue for trial. If the plaintiffs do not so respond, summary judgment, if appropriate, shall be rendered against them. LSA-C.C.P. art. 967B.

In determining whether summary judgment is appropriate, appellate courts review evidence *de novo* under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. **Reynolds v. Bordelon**, 14-2371 (La. 6/30/15), 172 So.3d 607, 610. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. **Primeaux v. Best Western Plus Houma Inn**, 18-0841 (La.App. 1 Cir. 2/28/19), 274 So.3d 20, 27.

## DISCUSSION

A public entity's liability for a defective thing within its custody or care is analyzed under LSA-R.S. 9:2800.[3] **Broussard v. State ex rel. Office of State Bldgs.**, 12-1238 (La. 4/5/13), 113 So.3d 175, 181. Louisiana Revised Statutes 9:2800A provides that "[a] public entity is responsible under Civil Code Article 2317 for damages caused by the condition of buildings within its care and custody." Louisiana Civil Code article 2317 provides that "[w]e are responsible, not only for the damage occasioned by our own act, but for that which is caused by ... the things which we have in our custody." Louisiana Civil Code article 2322 specifically modifies liability under Article 2317 with respect to the owner of a ruinous building or a defective component part of that building. Article 2322 provides, in pertinent part:

> The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice or defect in its original construction. However, he is answerable for damages only upon a showing that he knew or, in the exercise of reasonable care, should have known of the vice or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.

Thus, under Article 2322, a plaintiff must prove the following elements to hold the owner of a building liable for the damages caused by the building's ruin or a defective component: (1) ownership of the building; (2) the owner knew or, in the

---

[3] It is undisputed that LSU is a public entity.

4

exercise of reasonable care, should have known of the ruin or defect; (3) the damage could have been prevented by the exercise of reasonable care; (4) the defendant failed to exercise such reasonable care; and (5) causation. **Broussard**, 113 So.3d at 182-83. Failure to meet any one statutory element will defeat a negligence claim against a public entity. **Hasbert v. Recreation and Park Commission for the Parish of East Baton Rouge**, 16-0643 (La.App. 1 Cir. 12/22/16), 209 So.3d 1062, 1065.

The elements of a claim under LSA-R.S. 9:2800 closely parallel the elements of a claim under Article 2322. **Broussard**, 113 So.3d at 183 n.4. Louisiana Revised Statutes 9:2800C provides, in pertinent part:

> [N]o person shall have a cause of action based solely upon liability imposed under Civil Code Article 2317 against a public entity for damages caused by the condition of things within its care and custody unless the public entity had actual or constructive notice of the particular vice or defect which caused the damage prior to the occurrence, and the public entity has had a reasonable opportunity to remedy the defect and has failed to do so.

The supreme court, in **Broussard,** looked at both LSA-C.C. art. 2322 and LSA-R.S. 9:2800. The court determined that an analysis under either would be substantially the same, regardless of whether Article 2322 or LSA-R.S. 9:2800 was applied. **Broussard**, 113 So.3d at 183 n.4.

In this matter, in support of its motion for summary judgment, LSU submitted copies of the petitions for damages, the affidavit of Robert Benton, and excerpts from the depositions of Ms. Jackson and Ms. Hebert. Mr. Benton, employed by LSU as the Assistant Director of Facility Maintenance, attested that, at all pertinent times, LSU contracted with EMR to perform routine inspections, maintenance, and necessary repair of any problems associated with the elevators on the premises. He further attested that he was aware of all complaints or reports of problems associated with the elevators prior to June 9, 2014, and that prior to the incident, complaints and/or reports regarding the elevators were directed to EMS for maintenance and/or repair. Mr.

5

Benton attested that prior to the date of the elevator incident, LSU had not received any notice of elevator problems of the nature alleged by the plaintiffs.[4]

LSU adequately pointed out that there was an absence of factual support for an essential element of the plaintiffs' claims. Therefore, the burden shifted to the plaintiffs to produce factual support sufficient to establish that they would be able to satisfy their evidentiary burden at trial.

In this regard, the plaintiffs contend that LSU had notice of the elevator's hazardous condition in light of the statements made by the unidentified LSU employee of problems to the same elevator the day before the incident. In support of this argument, the plaintiffs submitted the affidavits of Ms. Jackson and Ms. Hebert, as well as excerpts from their depositions.[5] In their affidavits, Ms. Jackson and Ms. Hebert attested that after the elevator "fell," they were assisted from the elevator by LSU employees and that one LSU employee stated that there were problems with the elevator the previous day. Ms. Jackson also stated in her affidavit and deposition that she heard the LSU employee state that he thought the problem had been fixed.[6] The plaintiffs allege that the statement of the LSU employee qualified as an exception to the hearsay rule and was sufficient to defeat summary judgment. They assert that the statement was a "statement against interest" and therefore admissible under LSA-C.E. art. 804B(3). We disagree.

Hearsay is a statement, other than one made by the declarant while testifying at the present trial or hearing, offered in evidence to prove the truth of the matter

---

[4] Mr. Benton also attested that to prevent an abrupt drop of the elevator, "the subject elevator is designed to creep down to the next level in the event it goes into fault."

[5] The plaintiffs also submitted LSU's responses to discovery requests by the plaintiffs, which included the names of four individuals who may have had knowledge of the elevator incident, as well as the names of four additional LSU employees. Thereafter, the plaintiffs filed a supplemental memorandum in opposition to the motion for summary judgment and attached supplemental affidavits of Ms. Jackson and Ms. Hebert, as well as the affidavit of another passenger in the elevator, Diane Whipple, whose statements were similar to those of Ms. Jackson and Ms. Hebert. The plaintiffs also submitted supplemental discovery responses from LSU that included the names of twenty-one LSU employees. Because LSU has not objected to the filing of these documents, we will consider them with regard to the motion for summary judgment. See LSA-C.C.P. art. 966D(2).

[6] Ms. Hebert testified in her deposition that she had no interaction with the unidentified individual and that she did not hear the conversation between the individual and Ms. Jackson. However, in her affidavits, Ms. Hebert attested that she heard the statement by the unidentified LSU employee.

6

asserted. LSA-C.E. art. 801C. Hearsay is not admissible except as otherwise provided by the Code of Evidence or other legislation. LSA-C.E. art. 802. The exception to the hearsay rule found in LSA-C.E. art. 804B(3) only applies when the alleged declarant is unavailable as a witness.[7] A declarant witness is unavailable when he "cannot or will not appear in court and testify to the substance of his statement made outside of court." LSA-C.E. art. 804A.

During discovery, the plaintiffs requested the names of witnesses who may have had knowledge of the alleged incident. As previously noted, LSU initially identified four potential witnesses as well as four LSU employees. Subsequently, LSU supplemented its discovery responses and provided the names of an additional twenty-one LSU employees. However, the plaintiffs took no steps to obtain their testimony or establish the identity of the alleged declarant. Consequently, the plaintiffs have failed to establish that a hearsay exception is applicable to the matter presently before us.

Further, we find no merit to the plaintiffs' alternative argument that they were damaged based on LSU's refusal to identify the unknown individual and therefore entitled to a presumption that the evidence would have been unfavorable to LSU. The plaintiffs suggest that LSU had complete control of the evidence and intentionally hindered and impaired the plaintiffs' claims. Therefore, according to the plaintiffs, based on "LSU's failure to preserve the record of the employees involved in the response and investigation" of the alleged incident, they were entitled to "a

---

[7] Louisiana Code of Evidence article 804B(3) provides:

**B. Hearsay exceptions.** The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

* * *

**(3) Statement against interest.** A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject him to civil or criminal liability, or to render invalid a claim by him against another, that a reasonable man in his position would not have made the statement unless he believed it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.

7

presumption of notice" in their favor.[8] To the contrary, LSU maintains that it submitted all information in its possession to the plaintiffs. Moreover, it is undisputed that the trial court ordered additional discovery and conducted an in camera review of LSU's file. The plaintiffs failed to present any evidence that LSU had knowledge of the individual's identity and failed to preserve same.

After a thorough *de novo* review of the record, we find that the plaintiffs failed to produce sufficient evidence to create a genuine issue of material fact precluding summary judgment. The plaintiffs attempt to rely on a statement by an unidentified individual they "believed" to be an LSU employee that the elevator had malfunctioned the day before the alleged incident. However, the statement was inadmissible hearsay by an unidentified witness, and the plaintiffs were unable to produce any evidence, other than their own conclusory allegations, in their affidavits and depositions, to support their claims. When a motion for summary judgment is made and supported, adverse parties may not rest on the mere allegations or denials of their pleadings, but their response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. If they fail to so respond, summary judgment, if appropriate, shall be rendered against them. See LSA-C.C.P. art. 967B.

The evidence upon which the plaintiffs rely, namely their affidavit and deposition testimony and the alleged statement by an unidentified individual, was insufficient to establish a genuine issue of material fact as to LSU's knowledge of the allegedly defective elevator. Therefore, the plaintiffs have not presented evidence sufficient to establish that they can meet their evidentiary burden at trial. Accordingly, summary judgment was properly granted by the trial court.

## CONCLUSION

For the foregoing reasons, we affirm the June 13, 2018 judgment of the trial court in favor of the Board of Supervisors of Louisiana State University Agricultural and

---

[8] Generally, where a litigant fails to produce evidence available to him and gives no reasonable explanation, the presumption is that evidence would have been unfavorable to his cause. The presumption is not applicable where the failure to produce the evidence is explained. **Sayre v. PNK (Lake Charles), LLC**, 15-859 (La.App. 3 Cir. 3/23/16), 188 So.3d 428, 435, writ denied, 16-0696 (La. 6/28/16), 192 So.3d 780.

Mechanical College, dismissing the claims of the plaintiffs with prejudice. Costs of this appeal are assessed to the plaintiffs, Jacquelyn B. Jackson, Paulette Fenderson Hebert, and Farrah Gainie Wallis.

**AFFIRMED.**