## VOLUME 142

---

## CASES ARGUED AND DECIDED IN THE SUPREME COURT OF LOUISIANA

---

AT TERM BEGINNING FIRST MONDAY OF OCTOBER, 1916
AND
AT TERM BEGINNING FIRST MONDAY OF OCTOBER, 1917

---

(76 South. 214)

No. 22566.

In re GASQUET.

(June 11, 1917.  Rehearing Denied June 30, 1917.)

*(Syllabus by the Court.)*

1. INSANE PERSONS ⟐⟿33(1)—INTERDICTION—APPOINTMENT OF CURATOR.

Article 404, Civ. Code: "Within a month, to reckon from the date of the judgment of interdiction, if there has been no appeal from the same, or if there has been an appeal, then within a month from the confirmative sentence, it shall be the duty of the competent judge of the domicile or residence of the person interdicted to appoint a curator to his person and estate."

2. INSANE PERSONS ⟐⟿33(2)—CURATORS—REMOVAL.

Article 1059, C. P.: "When an appeal is made from a judgment appointing or removing a tutor or curator of a minor, interdicted or absent person, or of a vacant succession or absent heirs, or other administrators of successions, such appeal shall not suspend the execution of the judgment, but it shall have effect provisionally, until the appeal be decided."

In the matter of the interdiction of Fernand Vaughan Gasquet. Application by the interdict for a writ of mandamus. Application denied.

J. C. & Thos. Gilmore and Wm. W. Wall, all of New Orleans, for relator.

SOMMERVILLE, J.  Relator alleges:

That he has been interdicted by judgment of the civil district court, and that the judgment was affirmed by this court (136· La. 957, 68 South. 89); that during the pendency of the appeal to this court he removed to the state of Tennessee, where he acquired a domicile, and that, after residing there for six months, he caused his mental condition to be investigated by a court of competent jurisdiction of his legal domicile and citizenship, and there was a decree therein pronouncing him a citizen of Tennessee, of sound mind, and, as such, entitled to the possession and management of his property and person; that he instituted suit in division C in the civil district court for the parish of Orleans, state of Louisiana, to have the judgment of the probate court of Shelby county, Tenn., recognized and carried into effect, and to have all interdiction proceedings in the civil district court abated, and that an order entered in such

2

court for a family meeting to appoint a curator should be rescinded, set aside, and declared absolutely null and void ab initio, and that all other proceedings in said interdiction suit against him and his property be perpetually stayed; that there was judgment of the civil district court, division C, against him "dismissing and denying Gasquet's petition and application that the order for a family meeting to recommend a proper person to be appointed curator be rescinded and set aside, and to be declared absolutely null and void ab initio; that the interdiction proceedings pending in this court be declared abated, and that he be entitled to receive from all persons his property and administer the same, because of such proceedings had, and verdict and judgment rendered in the probate court of Shelby county, Tenn., declaring said Gasquet to be of sound mind and entitled to demand and receive settlement from all persons having control, charge, or management of any part of his estate, real or personal, and removing any disability of said Gasquet by reason of the proceedings and judgment against him in this state and in this court; and also that the opposition of the said Gasquet to the homologation and approval of the family meeting recommending the appointment of a curator to said Gasquet be overruled, and denied at his costs."

That he, relator, moved for a suspensive appeal from such judgment, which was denied by the district judge.

"Relator prays that an alternative writ of mandamus be issued herein ordering Hon. E. K. Skinner, judge of division C of the civil district court of the parish of Orleans, to grant relator a suspensive appeal from said judgment rendered by him on April 23, 1917, and signed on April 27, 1917."

The respondent judge in his return says in part:

"On March 23, 1917, Gasquet filed an answer to the ex proprio motu rule to show cause why a curator should not be appointed, setting up therein that respondent was without right, power, or jurisdiction to appoint a curator, because he had left the state of Louisiana permanently on July 7, 1914, subsequent to judgment of interdiction rendered by respondent," etc., for the reason that he was a citizen of Tennessee, and that by judgment of a competent court, etc., he had been relieved from the disabilities of the judgment of interdiction. Respondent further answered that he was unable to suspend the appointment of a curator to relator, and believed that no suspensive appeal would lie for such purpose, the judgment of interdiction being final, and the law making it his duty to appoint a curator; that article 404 of the Civil Code makes it his duty to appoint a curator "within a month of a confirmative sentence" of interdiction; such article is mandatory, and not discretionary; and that articles 580 and 1059 of the Code of Practice provide

that no suspensive appeal will lie from the appointment of a curator to a person interdicted. Respondent showed that it is the purpose, intent, and policy of the law that all judgments in matters of interdiction shall be provisionally executed notwithstanding appeal; that article 395 of the Code denies a suspensive appeal from a judgment of interdiction, and articles 580 and 1059 of the Code of Practice deny a suspensive appeal from a judgment appointing a curator for an interdicted person, and provide that the order of appointment in case of appeal shall have effect provisionally · until the appeal is decided.

"That article 404, making it the duty of the judge to appoint a curator to an interdict within one month of the confirmative sentence of interdiction, is inconsistent with the idea that an appeal can be taken from the appointment of a curator to an interdict after the sentence of interdiction is final. The law making it the duty of the judge to appoint a curator at such time is supreme and binding upon the judge and beyond suspension or control, and the judge's right, jurisdiction, and authority to make such appointment is beyond question or denial. * * *

"It is difficult to imagine who could take such an appeal. No one but the interdict could be interested in having no curator appointed, and, once interdicted, he can appear in court for one sole and only purpose—to have the interdiction repealed because cured, or, in the language of article 420, to show that the causes which gave rise to the interdiction have ended.

"Relator, Gasquet, is attempting to do the very thing which no interdict can do, or has ever done—appear in court for the purpose of interfering with the appointment of a curator before the sentence of interdiction has been repealed. He may appear in court to ask that the judgment of Tennessee be given full faith and credit, as repealing the judgment of interdiction, if he so believes, but he certainly has no standing in a Louisiana court to object to, or interfere with, the appointment of a curator, so long as the Louisiana judgment of interdiction stands unrepealed by a Louisiana court, and plaintiffs Lapeyre in their answer to Gasquet's suit to enforce the Tennessee judgment excepted to his capacity to appear in court, and repeated this objection in the argument in the rule on Gasquet to show cause why the order homologating the proceedings of the family meeting appointing curators should not be signed."

[1, 2] There has been a final judgment of interdiction of relator in the courts of this state, 136 La. 957, 68 South. 89; and it then became the duty of the district judge to appoint a curator to his person and estate within a month from the date of the judgment.

Article 404, C. C., provides:

"Within a month, to reckon from the date of the judgment of interdiction, if there has been no appeal from the same, or if there has been an appeal, then within a month from the confirmative sentence, it shall be the duty of the competent judge of the domicile or residence of the person interdicted to appoint a curator to his person and estate."

The duty of the judge is clear. He must appoint a curator to relator's person and estate, now that a confirmative sentence of interdiction has been pronounced.

The question whether relator should be interdicted or not was heard and disposed of in the interdiction proceedings. The judgment therein carried with it the duty to appoint a curator to relator. That judgment is final; and another suspensive appeal cannot be allowed therefrom.

Article 580, C. P., says judgments relating to the nomination of curators of persons interdicted are executed provisionally, although an appeal has been taken therefrom. And article 1059, C. P., is to the same effect. So is article 395, C. C.

The application for a suspensive appeal was properly denied by the district judge.

It is therefore ordered that the rule issued herein be recalled and set aside, and the application of relator for a mandamus is denied, at his costs.