## NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2020 CA 0158

MARK ANDEL

VERSUS

TONIA N. BURKEENS, SAFEWAY INSURANCE COMPANY OF
LOUISIANA AND PROGRESSIVE PALOVERDE INSURANCE
COMPANY

Judgment Rendered: **NOV 0 9 2020**

* * * * * * *

On Appeal from the 22nd Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Trial Court No. 2017-13386

Honorable August J. Hand, Judge Presiding

* * * * * * *

Michael B. Alker
James C. Rather, Jr.
Mandeville, Louisiana

Attorneys for Plaintiff/Appellant,
Mark Andel


C. David Vasser, Jr.
Baton Rouge, Louisiana

Attorney for Defendant/Appellee,
Tokio Marine Specialty Insurance
Company

* * * * * * *

**BEFORE: McDONALD, HOLDRIDGE, AND PENZATO, JJ.**

**PENZATO, J.**

Plaintiff, Mark Andel, appeals a summary judgment in favor of defendant Tokio Marine Specialty Insurance Company ("Tokio"), dismissing all claims filed against it with prejudice. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

On August 7, 2016, a vehicle operated by Tonia Burkeens rear-ended the vehicle owned and operated by Mr. Andel. Mr. Andel filed suit against Ms. Burkeens, her automobile liability insurer, and his personal uninsured/underinsured motorist carrier.[1] Mr. Andel subsequently filed a supplemental and amending petition for damages adding Tokio as a defendant. According to Mr. Andel's supplemental and amending petition, at the time of the accident, Mr. Andel was operating his personally owned vehicle on a work-related mission on behalf of Crescent Chemical, LLC ("Crescent"), which Mr. Andel owned and managed. Mr. Andel asserted that Tokio issued a surplus line insurance policy providing coverage to Crescent, and because neither Crescent nor Mr. Andel executed a waiver of uninsured/underinsured motorist coverage, Mr. Andel was entitled to coverage pursuant to the Tokio policy.

On December 14, 2018, Tokio filed a motion for summary judgment, contending that the Tokio policy issued to Crescent expressly provided that the owner of a non-owned auto (i.e., not owned by Crescent) was not an insured under the policy, and therefore the Tokio policy did not cover Mr. Andel personally while driving his own vehicle. In response, Mr. Andel filed a cross-motion for summary judgment seeking a declaration that the Tokio policy provided uninsured/underinsured motorist coverage to him as an executive officer and

---

[1] Ms. Burkeens and her insurer, Safeway Insurance Company of Louisiana, were dismissed with prejudice by a judgment signed March 14, 2018. Thereafter, Mr. Andel's uninsured/underinsured motorist carrier, Progressive Paloverde Insurance Company, was dismissed with prejudice by judgment dated July 10, 2018.

2

employee of Crescent.[2] With regard to the exclusion of an owner of a non-owned auto relied upon by Tokio, Mr. Andel argued that this policy provision has been found by Louisiana courts to be vague and ambiguous, resulting in coverage to the vehicle owner.

The cross-motions for summary judgment came for hearing on February 13, 2019. The matter was taken under advisement, and on March 7, 2019, the trial court issued reasons for judgment. The trial court found that the "owner exclusion" applied and Mr. Andel was not covered by the Tokio policy. The trial court further found the Tokio policy was not a motor vehicle liability policy which would require omnibus insurance coverage under La. R.S. 32:900. Finally, the trial court found that Mr. Andel was not an "executive officer" who would qualify as an additional or omnibus insured under the Tokio policy. The trial court found the Tokio auto liability endorsement "extremely limited," and that it expressly excluded employees using their personal vehicles from liability coverage.

On March 27, 2019, the trial court signed a judgment in accordance with its reasons for judgment, denying Mr. Andel's motion for summary judgment, granting Tokio's motion for summary judgment, and dismissing all of Mr. Andel's claims against Tokio, with prejudice. Mr. Andel appealed.[3]

## LAW AND DISCUSSION

In determining whether summary judgment is appropriate, appellate courts

---

[2] Mr. Andel previously filed a motion for partial summary judgment on March 1, 2018, seeking a declaration that the Tokio policy provided uninsured/underinsured motorist coverage to Mr. Andel in the same amount as the liability coverage provided by the policy ($1,000,000.00). According to Mr. Andel, he was an insured under the Tokio policy because he was operating a vehicle not owned by Crescent, while on a mission for Crescent, and was an executive officer of Crescent at the time of the accident. This motion for summary judgment was denied as premature by judgment signed May 21, 2018.

[3] The denial of a motion for summary judgment is an interlocutory judgment and is appealable only when expressly provided by law. However, where there are cross-motions for summary judgment raising the same issues, this court can review the denial of a summary judgment in addressing the appeal of the granting of the cross motion for summary judgment. *Waterworks Dist. No. 1 of Desoto Par. v. Louisiana Dep't of Pub. Safety & Corr.*, 2016-0744 (La. App. 1 Cir. 2/17/17), 214 So. 3d 1, 3 n. 1, writ denied, 2017-0470 (La. 5/12/17), 219 So. 3d 1103.

3

review evidence *de novo* under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. *Reynolds v. Bordelon*, 2014-2371 (La. 6/30/15), 172 So.3d 607, 610. A motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). The burden of proof is on the mover. La. C.C.P. art. 966(D)(1). Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion, the mover's burden does not require that all essential elements of the adverse party's claim, action, or defense be negated. Rather, the mover must point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, the adverse party must produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. C.C.P. art. 966(D)(1).

A summary judgment may be rendered on the issue of insurance coverage alone, although there is a genuine issue as to liability or damages. See La. C.C.P. art. 966(E); *Myers v. Welch*, 2017-0063 (La. App. 1 Cir. 10/25/17), 233 So. 3d 49, 53, writ denied, 2017-2165 (La. 3/9/18), 238 So. 3d 454. Summary judgment declaring a lack of coverage under an insurance policy may not be rendered unless there is no reasonable interpretation of the policy, when applied to the undisputed material facts shown by the evidence supporting the motion, under which coverage could be afforded. *Reynolds v. Select Properties, Ltd.*, 93-1480 (La. 1994), 634 So. 2d 1180, 1183.

An insurance policy is a contract between the parties and should be construed employing the general rules of interpretation of contracts set forth in the Louisiana Civil Code. *Reynolds v. Select Properties, Ltd.*, 634 So. 2d at 1183. Words and phrases used in a policy are to be construed using their generally prevailing meaning,

4

unless the words have acquired a technical meaning. See La. C.C. art. 2047. An insurance policy is construed as a whole and each provision in the policy must be interpreted in light of the other provisions. One provision of the policy should not be construed separately at the expense of disregarding other provisions. See La. C.C. art. 2050. Thus, in determining whether an insurance policy provides coverage, every provision of the policy must be read and interpreted, particularly the provisions relating to what is insured, who is insured, and what is excluded from coverage. Only then can a determination of coverage be made. *Succession of Fannaly v. Lafayette Ins. Co.*, 2001-1355 (La. 1/15/02), 805 So. 2d 1134, 1139. Where the language in the policy is clear, unambiguous, and expressive of the intent of the parties, the agreement must be enforced as written. *Myers*, 233 So. 3d at 55.

Tokio issued a "Commercial Lines Policy" to Crescent. It provided automobile liability coverage pursuant to an endorsement entitled "Hired Auto and Non-Owned Auto Liability." The endorsement extended non-owned auto liability coverage to "bodily injury" or "property damage" arising out of the use of any "non-owned auto" in [Crescent's] business by any person. For purposes of non-owned auto liability coverage, Section B(2) of the endorsement provides:

> 1. Each of the following is an insured under this endorsement to the extent set forth below:
>
> a. [Crescent];
> ....
> c. For a "non-owned auto":
>
>> (1) Any partner or "executive officer" of [Crescent]; or
>>
>> (2) Any "employee" of [Crescent]
>>
>> but only while such "non-owned auto" is being used in [Crescent's] business....
>
> 2. None of the following is an insured:
> ....
> d. The owner ... of a "non-owned auto" or any agent or "employee" of any such owner....

5

Section C(3) of the endorsement defines "non-owned auto" as:

> [A]ny "auto" [Crescent does] not own, lease, hire, rent or borrow which is used in connection with [Crescent's] business. This includes "autos" owned by [Crescent's] "employees", ... partners or ... "executive officers", ... but only while used in [Crescent's] business....

The main policy defines "executive officer" as "a person holding any of the officer positions created by [Crescent's] charter, constitution, by-laws or any other similar governing document."

Mr. Andel admitted in his affidavit attached to his motion for summary judgment that he personally owned the vehicle he was driving at the time of the accident. The Tokio policy provides in Section B(2)(2)(d) that "[t]he owner ... of a 'non-owned auto'" is not an insured. Thus, pursuant to the clear policy language, even if Mr. Andel were an executive officer or employee of Crescent, he would not be an insured under the provisions of the Tokio policy.

Mr. Andel argues that he meets the definition of an insured under Section B(2)(1)(c) of the Tokio auto liability insurance endorsement because he was operating a "non-owned auto," on a mission for Crescent, and was an executive officer and employee of Crescent at the time of the accident. While Mr. Andel acknowledges that Section B(2)(2)(d) "purports to exclude coverage to him as the owner of the vehicle[,]" he argues that this type of policy construction, where coverage is granted to an insured and then taken away in the next section, has been found to be vague and ambiguous, resulting in coverage to the vehicle owner.

The Louisiana Supreme Court considered a similar argument in *Succession of Fannaly*, 805 So. 2d at 1138-39. In *Succession of Fannaly*, the Court found a policy containing a nearly identical non-owned auto provision to be clear and unambiguous, reasoning as follows:

> In keeping with the well-established jurisprudence ..., an insurance policy is construed as a whole and each provision in the policy must be interpreted in light of the other provisions. One provision of the policy should not be construed separately at the expense of disregarding other

6

provisions. Thus, in determining whether an insurance policy provides coverage, every provision of the policy must be read and interpreted, particularly the provisions relating to what is insured, usually contained in a section entitled "Insuring Agreement," the provisions relating to who is insured, usually contained in a section entitled "Who Is An Insured," and the provisions relating to what is excluded from coverage, usually contained in a section entitled "Exclusions." Only then can a determination of coverage be made. (Internal citations omitted.)

*Id.* at 1139. The Court upheld the exclusion for the owner of a non-owned auto, stating that:

[T]he apparent purpose of the exception is to provide the named insured protection for liability arising out of the use of non-owned autos, but to preclude coverage for the owner who should have purchased liability coverage for his own automobile.

*Id.*

Mr. Andel seeks to distinguish *Succession of Fannaly*, asserting that the case was not decided based on the construction of the policy, but rather a factual determination as to the driver's employment status, which precluded coverage. Mr. Andel urges this court to extend coverage to him, relying on the Louisiana Fourth Circuit decision in *Allan v. Automobile Club Inter-Insurance Exchange*, 2017-0474 (La. App. 4 Cir. 11/15/17), __ So. 3d __, 2017 WL 5493671, writ denied, 2018-0142 (La. 3/23/18), 239 So. 3d 293.

In *Succession of Fannaly*, while the Court found that the policy at issue did not provide coverage because the driver of the vehicle was neither a partner nor executive officer of the named insured, the Court went on to find that even if the driver was a partner or executive officer of the insured, he would still not be an insured under the provisions of the policy for non-owned auto liability **because he owned the automobile he was operating**. See *Succession of Fannaly*, 805 So. 2d at 1139. Furthermore, we respectfully decline to follow the Louisiana Fourth Circuit's decision in *Allan*. In finding the policy at issue ambiguous, the court in *Allan* did not address *Succession of Fannaly*, the most recent pronouncement of the Louisiana Supreme Court interpreting similar policy language, which we find to be

7

controlling.

Thus, applying the principles set forth in *Succession of Fannaly*, we find the policy at issue in this case to be clear and unambiguous. We further find that the evidence presented in connection with the motions for summary judgment established that Mr. Andel owned the vehicle he was operating at the time of the accident. Thus, we find that Mr. Andel is not an insured under the provisions in the Tokio policy for non-owned auto liability. Consequently, as in *Succession of Fannaly,* the Tokio policy does not provide coverage for Mr. Andel. See *Succession of Fannaly*, 805 So. 2d at 1140.

## CONCLUSION

For the foregoing reasons, we affirm the March 27, 2019 judgment of the trial court denying Mr. Andel's motion for summary judgment, granting Tokio's motion for summary judgment, and dismissing all of Mr. Andel's claims against Tokio, with prejudice. Costs of this appeal are assessed to Mark Andel.

**AFFIRMED.**