STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2024 CA 0408

ROY SYLVEST

VERSUS

JASON L. ROLLING, M.D., ST. TAMMANY PARISH HOSPITAL
SERVICE DISTRICT NO. 1 D/B/A ST. TAMMANY PARISH HOSPITAL,
AND THE PATIENT'S COMPENSATION FUND OVERSIGHT BOARD

Judgment Rendered:  **NOV 1 3 2024**

Appealed from the
22nd Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Docket No. 2022-14724

The Honorable Reginald T. Badeaux, III, Judge Presiding

Jose S. Canseco
Lisa A. Robinson
Folsom, Louisiana

Martin L. Morgan
Covington, Louisiana

Counsel for Plaintiff/Appellant,
Kristen Elizabeth Neal Sylvest

Bradley R. Belsome
Crystal E. Domreis
Christopher R. Handy
New Orleans, Louisiana

Counsel for Defendant/Appellee,
St. Tammany Parish Hospital Service
District No. 1 D/B/A St. Tammany Parish
Hospital

BEFORE:  WOLFE, MILLER, AND GREENE, JJ.

**MILLER, J.**

Plaintiff/Appellant, Kristen Elizabeth Neal Sylvest ("Ms. Sylvest"), appeals a summary judgment dismissing her claims against Defendant/Appellee, St. Tammany Parish Hospital Service District No. 1 D/B/A St. Tammany Parish Hospital ("the Hospital"). For the reasons that follow, we affirm.

## FACTS

On October 5, 2016, Roy Sylvest ("Mr. Sylvest") underwent a shoulder replacement surgery, which was performed by Jason L. Rolling, M.D. ("Dr. Rolling") at St. Tammany Parish Hospital. About six years after the surgery, on October 10, 2022, Mr. Sylvest filed a petition for damages against Dr. Rolling, the Hospital, and The Patient's Compensation Fund Oversight Board, alleging that Dr. Rolling committed medical malpractice while performing Mr. Sylvest's shoulder replacement surgery and that the Hospital was vicariously liable for all acts and omissions of its employees who caused injury to Mr. Sylvest.[1] Mr. Sylvest specifically alleged that the Hospital was negligent in allowing Mr. Sylvest to walk to the bathroom and in its failure to conduct a fall risk assessment; assess Mr. Sylvest's blood pressure; provide adequate personnel to assist Mr. Sylvest; provide adequate devices such as a gait belt or walker; and properly lift Mr. Sylvest after his fall. The Hospital subsequently filed its answer and defenses to Mr. Sylvest's petition, along with a request for jury trial, and Dr. Rolling filed his answer and request for jury trial.

On May 1, 2023, the Hospital filed a motion for summary judgment, alleging there was no genuine issue of material fact and it was entitled to judgment as a matter of law. The Hospital attached certified medical records, the medical review panel's opinions with reasons and affidavits, and interrogatories and

---

[1] We note that Mr. Sylvest filed a complaint with the Commissioner of Administration of the Louisiana Patient's Compensation Fund on March 14, 2018. Thereafter, the Medical Review Panel met on August 2, 2022 and issued a written opinion on August 16, 2022.

2

requests for production of documents. Mr. Sylvest filed an opposition to the motion for summary judgment with attachments including excerpts of the deposition of Mr. Sylvest; excerpts of the deposition of Dr. Rolling; medical records; and the Hospital's responses to Mr. Sylvest's request for production of documents. Thereafter, the Hospital filed a reply memorandum. While the motion for summary judgment was pending, Mr. Sylvest died. On August 25, 2023, the administrator of Mr. Sylvest's succession, Ms. Sylvest, was substituted as the plaintiff in place of Mr. Sylvest.

On July 25, 2023, a hearing was held on the Hospital's motion for summary judgment, and the trial court granted the motion and dismissed Ms. Sylvest's action with prejudice.[2] A judgment to that effect was signed on December 5, 2023.[3] Ms. Sylvest appeals, contending the trial court erred in granting summary judgment in favor of the Hospital.

## SUMMARY JUDGMENT[4]

A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. Aldridge v. Greenbrier Hospital, L.L.C., 2023-0526 (La. App. 1st Cir. 3/13/24), 385 So. 3d 712, 720, writs denied, 2024-00480, 2024-00484, 2024-00492 (La. 9/17/24), ___ So. 3d ___. After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show there is no genuine issue as to material fact and that

---

[2] We note that Dr. Rolling also filed a motion for summary judgment, which was heard at the same time as the hospital's motion. The trial court granted Dr. Rolling's motion and dismissed Ms. Sylvest's action against Dr. Rolling with prejudice. Ms. Sylvest does not assign the trial court's granting of Dr. Rolling's motion for summary judgment as error and specifically states that she does not seek review of that portion of the judgment.

[3] The trial court signed a judgment on November 15, 2023 and subsequently amended that judgment on December 5, 2023 pursuant to La. C.C.P. art. 1951.

[4] La. C.C.P. art. 966 was amended and reenacted by La. Acts 2023, No. 317, § 1 and La. Acts 2023, No. 368, § 1, effective August 1, 2023. However, for purposes of our review herein, we apply the pre-amendment version of La. C.C.P. art. 966 in effect at the time the motion for summary judgment was submitted and heard.

3

the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). Appellate courts review evidence *de novo* under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Leet v. Hospital Service District No. 1 of East Baton Rouge Parish, 2018-1148 (La. App. 1st Cir. 2/28/19), 274 So. 3d 583, 586-587.

The burden of proof on a motion for summary judgment rests with the mover. La. C.C.P. art. 966(D)(1). Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. La. C.C.P. art. 966(D)(1). Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. Reynolds v. Bordelon, 2014-2371 (La. 6/30/15), 172 So. 3d 607, 610-611. If the adverse party fails to meet this burden, the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(D)(1).

## DISCUSSION

In her only assignment of error, Ms. Sylvest contends the trial court erred in granting the Hospital's motion for summary judgment due to the existence of genuine issues of material fact. In a medical malpractice claim against a hospital, the plaintiff must prove by a preponderance of the evidence: (1) the standard of care applicable to the defendant; (2) the defendant breached that standard of care; and (3) there was a causal connection between the breach and the resulting injury. See La. R.S. 9:2794(A); Schultz v. Guoth, 2010-0343 (La. 1/19/11), 57 So. 3d 1002, 1006. Expert testimony generally is required to establish the applicable

4

standard of care and whether or not that standard was breached. See Methvien v. Our Lady of the Lake Hospital, 2022-0398 (La. App. 1st Cir. 11/4/22), 354 So. 3d 720, 724. Further, except for cases where the causal connection between a defendant's fault and the injury alleged is obvious, expert medical testimony is also necessary to establish causation. See Pfiffner v. Correa, 94-0924 (La. 10/17/94), 643 So. 2d 1228, 1234. Normally, in cases involving patients with complicated medical histories and complex medical conditions, causation is simply beyond the province of lay persons to assess. Burns v. Baton Rouge General Medical Center, 2023-1334 (La. App. 1st Cir. 7/12/24), ___ So.3d ___, 2024 WL 3382305, *3.

As the mover in the motion for summary judgment, the Hospital had to establish that Ms. Sylvest could not support her burden of proof at trial to demonstrate medical malpractice. See Samaha v. Rau, 2007-1726 (La. 2/26/08), 977 So. 2d 880, 887-888; see also Boudreaux v. Mid-Continent Casualty Company, 2005-2453 (La. App. 1st Cir. 11/3/06), 950 So. 2d 839, 843-844, writ denied, 2006-2775 (La. 1/26/07), 948 So. 2d 171. In its motion for summary judgment, the Hospital argued that Ms. Sylvest's failure to provide expert testimony to support her allegations was fatal to her claim because she could not meet her burden of proof at trial without it. The Hospital attached medical records which included documentation of the incident wherein Mr. Sylvest fell on October 7, 2016. The records indicate that an x-ray was taken on October 9, 2016 and Mr. Sylvest's left shoulder was in a satisfactory position and alignment and the bones were intact without fracture or dislocation.

The Hospital also attached the medical review panel's opinions wherein the panel found that the evidence does not support the conclusion that the Hospital, Dr. Rolling, nor Covington Orthopedic and Sports Medicine Clinic, LLC ("Covington Orthopedic Clinic") failed to comply with the appropriate standard of care as alleged. The panel reasoned that the Hospital did not fail to comply with the

appropriate standard of care because Mr. Sylvest was appropriately supervised walking to the bathroom while recovering from an upper extremity procedure; appropriate supervision was provided to Mr. Sylvest; and a fall, despite appropriate supervision, is not a deviation from the standard of care.

By supporting its motion for summary judgment with both expert medical evidence in its favor and medical records that indicate Mr. Sylvest's shoulder was "satisfactory" two days after the fall, the Hospital pointed out the absence of factual support regarding the causal connection between the alleged breach and the resulting injury, which is an essential element of Ms. Sylvest's action. See La. C.C.P. art. 966(D)(1). Thus, the burden shifted to Ms. Sylvest to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the Hospital is not entitled to judgment as a matter of law.[5] See La. C.C.P. art. 966(D)(1); See Mariakis v. North Oaks Health System, 2018-0165 (La. App. 1st 9/21/18), 258 So. 3d 88, 94; See In re Medical Review Complaint by Downing, 2021-0698 (La. App. 4th Cir. 5/26/22), 341 So. 3d 863, 870.

In Ms. Sylvest's memorandum in opposition to the Hospital's motion for summary judgment, she argued genuine issues of material fact remained as to whether a breach in the standard of care by the Hospital caused Mr. Sylvest to suffer a preventable fall which caused the disarticulation of the glenosphere[6]. She attached excerpts of the deposition of Mr. Sylvest, wherein Mr. Sylvest stated he informed the nurse on duty that he was unable to walk to the bathroom; the nurse required him to walk and he fell when he reached the bathroom; his left elbow hit

_____

[5] The opinion of the medical review panel is admissible expert medical evidence that may be used to support or oppose any subsequent medical malpractice suit. See La. R.S. 40:1231.8(H); Methvien, 354 So. 3d at 724. In the context of a motion for summary judgment, such evidence may suffice to constitute a prima facie case that no issues of material fact exist. See In re Medical Review Complaint by Downing, 2021-0698 (La. App. 4th Cir. 5/26/22), 341 So. 3d 863, 870; Methvien, 354 So. 3d at 724.

[6] The glenosphere is the ball portion of the ball and socket in the shoulder.

the ground first during the fall; and the Hospital employees picked him up off of the floor using his left arm.

Ms. Sylvest also attached excerpts of the deposition of Dr. Rolling, taken June 29, 2023. During his deposition, Dr. Rolling stated that it was his opinion that Mr. Sylvest was a fall risk after his surgery because he had fallen before, had anesthesia, and had blood loss. Dr. Rolling also described how he would have lifted Mr. Sylvest if he needed to help him off of the floor and noted that Mr. Sylvest had stable blood pressure. Further, Dr. Rolling stated that he has done "probably a thousand or more" of these surgeries, but disarticulation of the glenosphere is uncommon. Additionally, Ms. Sylvest attached excerpts of Mr. Sylvest's medical records from the Hospital, which documented Mr. Sylvest's surgery and time at the Hospital. Finally, Ms. Sylvest attached the Hospital's responses to her request for production of documents, wherein the Hospital objected to every request. However, the Hospital did produce its fall prevention protocol.

After a thorough *de novo* review, we find Ms. Sylvest failed to meet her burden, so the Hospital is entitled to summary judgment as a matter of law. Specifically, Ms. Sylvest failed to produce factual support sufficient to establish that she will be able to satisfy her evidentiary burden of proof at trial as to causation, so there is no genuine issue of material fact. See Reynolds, 172 So. 3d at 610-611. The primary issue in this case is whether there was a causal connection between the conduct of the Hospital nursing staff and Mr. Sylvest's injuries. Even if the alleged negligence is something that would constitute obvious carelessness by the Hospital, we conclude that it was still necessary for Ms. Sylvest to produce expert medical testimony to prove causation. See Boudreaux, 950 So. 2d at 844. However, Ms. Sylvest did not attach any such expert medical testimony to her opposition to the Hospital's motion for summary judgment. The question of

7

causation, considering the surgery and the fall, is simply beyond the province of lay persons. Therefore, we find Ms. Sylvest failed to prove that she will be able to satisfy her evidentiary burden of proof at trial against the Hospital concerning the issue of causation, and therefore the Hospital is entitled to summary judgment. This assignment of error is without merit.

## CONCLUSION

For the above and foregoing reasons, the December 5, 2023 judgment of the trial court granting St. Tammany Parish Hospital Service District No. 1 D/B/A St. Tammany Parish Hospital's motion for summary judgment in favor of St. Tammany Parish Hospital Service District No. 1 D/B/A St. Tammany Parish Hospital and against Kristen Elizabeth Neal Sylvest and dismissing Kristen Elizabeth Neal Sylvest's action against St. Tammany Parish Hospital Service District No. 1 D/B/A St. Tammany Parish Hospital is affirmed. Costs of this appeal are assessed to Kristen Elizabeth Neal Sylvest.

**AFFIRMED.**